THE STATE *ex rel.* ROBERTS *et al., Appellants,* v. THE SCHOOL DIRECTORS OF SPRINGFIELD.

| 74 | 21 |
|---|---|
| 33a | 475 |
| 74 | 21 |
| 131 | 514 |

**Schools** : ADOPTION OF TEXT-BOOKS: MANDAMUS. Section 7087, Revised Statutes 1879, makes it the absolute duty of the directors of the several school districts in each county to introduce into the schools under their charge the text-books adopted by the presidents' meeting provided for in that section ; and this duty must be performed without unnecessary delay, not when the directors may think best, or when they may conceive it to be for the interests of the pupils or patrons of the schools. If any directors attempt to evade this duty by postponing the introduction of the books adopted, they may be coerced by mandamus.

*Appeal from Greene Circuit Court.*—HON. W. F. GEIGER, Judge.

REVERSED.

*Goode & Cravens* for appellants.

The fact that the statutes say the books shall be made to conform to the adoption " as speedily as practicable " does not leave it to the mere whim of the directors whether they shall be made to conform or not, and thus empower them to nullify the law. The duty is not a discretionary one in the sense that mandamus will not lie to compel its performance. The duty is imperative. The only question that could be raised was whether it was practicable, and evidence should have been admitted to show that it was and had been practicable for a long time. High on Ex. Remedies, § 332; *Gilman v. Bassett,* 33 Conn. 298; *Nourse*

*v. Merriam,* 8 Cush. 11; *Hall v. People,* 57 Ill. 307; *Metcalf v. Garesche,* 65 Mo. 489; 34 Pa. St. 496.

*Massey & McAfee* for respondents.

HOUGH, J.—This was a proceeding by mandamus to compel the directors of the school district of the city of Springfield to cause to be used in the public schools of said city certain books which, it is recited in the alternative writ, were, at a regular meeting of the presidents of the various school districts of Greene county, legally selected and adopted on the first Tuesday in January, 1880, for the five years next thereafter ensuing, which books, so adopted, said directors have failed and refused to cause to be used in said schools, although it was, at the time said books were so adopted, has ever since been, and now is practicable to cause the same to be used. The defendants filed a demurrer, on which final judgment was rendered in their favor, and the case comes here by appeal.

The defendants claim by their demurrer, that the power conferred upon them by law to compel the use, in the public schools, of books selected by the presidents of the various school districts, is to be exercised by them only at their own discretion, and that such books, so selected, " are to be used as text-books in said schools only when in the proper judgment and discretion of said board their use is deemed practicable." The defendants contend, in other words, that they were not bound at all events to introduce the text-books adopted by the presidents of the several school boards in the county, and that their opinion as to the practicability of introducing such books, is final and conclusive, and not subject to review by the courts. The statute relating to this subject is as follows: "For the purpose of securing uniformity of text-books, a meeting of the presidents of the boards of education of cities, towns and villages, and directors of districts, shall be held at the county seats of the various counties on the first Tuesday

in January, 1875, and every five years thereafter, for the selection of the text-books to be used by the schools in the various branches to be taught in the public schools of this State. Such books shall be selected by a majority vote of those present, and a list of those selected shall be transmitted to the clerks of the various districts in the county, who shall record the same, and thereafter as speedily as practicable, the books used in the schools shall be made to conform to the list adopted, and no change shall be made by the introduction of any book not included in the list so adopted, for the period of five years from their adoption." R. S., § 7087.

We are of opinion that the foregoing section of the statute makes it the absolute duty of the directors of the district school board to introduce into the schools under their charge, the text-books adopted by the presidents' meeting, and they cannot by an exercise of their discretion as to the time of introducing such books, defeat the will of said meeting and evade the requirements of the statute. This absolute duty is to be performed by them, not when they may think best, nor when they may conceive it to be for the interests of the pupils or the patrons, but with all practicable speed, or as the statute phrases it, " as speedily as practicable." It is the province of the presidents' meeting to determine the propriety and ultimate practicability of making the change, and the district board is to conform to the change required without unnecessary delay. Accepting the recitals of the alternative writ as true, the defendants have failed to perform the duty imposed upon them by the statute, and mandamus is the proper proceeding to compel its performance. The demurrer should have been overruled and the defendants required to answer. The judgment of the circuit court will, therefore, be reversed and the cause remanded. The other judges concur.