(No. 4878. Decided December 29, 1904.)

# Harr Wagner, *Appellant*, v. M. G. Royal *et al., as Directors of School District No. 1, of Thurston County, Respondents and Appellants.*[1]

APPEAL—PARTIES—SURETIES ON COST BOND—SERVICE OF NOTICE UPON. Sureties upon the cost bond of a nonresident plaintiff, against whom no judgment is entered, are not necessary parties to the appeal upon whom notice of the appeal need be served.

SCHOOLS—STATE BOARD OF EDUCATION—CONTRACT WITH PUB-, LISHER TO FURNISH TEXT BOOKS—VALIDITY—ATTACK BY SCHOOL DISTRICT. Where the state board of education has entered into a written contract with a publisher for furnishing the text books prescribed by the course of study for the public schools of the state, a school district can not question its validity in an action brought to enjoin the district from using other books on the same subject, when the state has raised no objection thereto; since the district was not a party to the contract.

SAME—COURSE OF STUDY ADOPTED BY STATE BOARD—EVIDENCE OF ADOPTION—SUFFICIENCY. There is sufficient evidence to support a finding that the state board of education adopted a uniform series of text books and a course of study for the public schools, where it appears that the same was published throughout the state, apparently by their authority, and was generally recognized as valid and acted upon by school districts, including the defendant.

SAME—FOLLOWING COURSE PRESCRIBED BY STATE BOARD. It is the duty of school directors to follow the course of study prescribed by the state board of education.

SAME—BOND OF PUBLISHER—APPROVAL. The fact that the publisher of text books, who is under contract with the state board of education to supply all the books required by the public schools of the state, fails to have its bond to the state duly approved, does not excuse a school district board for failing to enforce the course of study prescribed by the state board.

SAME—CHANGE IN TEXT BOOK. It is not a sufficient excuse for a school district to refuse to follow the course of study prescribed

[1] Reported in 78 Pac. 1094.

by the state board of education that certain changes have been made in a text book prescribed, where the contract with the state board for such book provided for the changes therein.

SAME—UNIFORM COURSE OF STUDY—SCHOOL DISTRICT REGULATIONS—COMPLIANCE WITH STATE COURSE. Where the course of study prescribed by the state board of education requires the use of certain text books in specified grades, a regulation of a school district that the pupils in such grades shall use such books until they become "proficient therein" is a sufficient compliance with the state course of study.

SAME—DAMAGE. A finding that the publisher of a text book prescribed for use in the public schools by the state board of education is not damaged by the fact that the book is not used during the entire year in certain grades, is warranted by the evidence where it appears that all the pupils in such grades were required to purchase the book and use the same until they become proficient therein.

Cross-appeals from a judgment of the superior court for Thurston county, Linn, J., entered February 2, 1903, upon findings in favor of the defendants, after a trial on the merits before the court without a jury, dismissing an action for an injunction. Affirmed.

*Vance & Mitchell* and *Ballinger, Ronald & Battle,* for appellant.

*C. D. King, M. G. Royal,* and *Troy & Falknor,* for respondents.

PER CURIAM.—The defendants move the court to dismiss the appeal of the plaintiff, for the reason that he did not serve the notice of appeal upon the sureties on the cost bond, which he gave as a nonresident of this state. This court has recently held that the trial court is not authorized by law to render judgment against the sureties on such bond, in the action in which the bond is filed, and that, in the absence of any judgment against such sureties, they are in no sense parties to the action,

and therefore need not be served with notice of appeal. No judgment was entered against the sureties in this instance, and the motion to dismiss the appeal is therefore denied. *O'Connor v. Lighthizer*, 34 Wash. 152, 75 Pac. 643; *Aetna Ins. Co. v. Thompson*, 34 Wash. 610, 76 Pac. 105.

The plaintiff is the author and publisher of a text book for schools, known as the New Pacific Geography, and the defendants constitute the board of directors of school district No. 1, of Thurston county, which district does not embrace within its limits a city containing ten thousand or more inhabitants, but is a school district in which there is a sufficient number of children of school age to require the employment of more than one teacher. The plaintiff, claiming to have a valid contract with the state board of education, for supplying said book at prices specified in the contract in sufficient quantities for the use of the common schools of the state, for the term of five years from and after September 1, 1900, instituted this action for a mandatory injunction compelling the defendants, as said board of directors, to cause the said geography to be used in the public schools of the city of Olympia (which city is included in said district No. 1), in accordance with the terms of his contract and the course of study prescribed by the state board of education.

The facts alleged in the complaint in this case (except, of course, as to the name of plaintiff and the book in question and the price thereof) are substantially the same as those stated in *Westland Publishing Company* against these defendants, just now decided but not yet reported (*ante* p. 399), and we shall not attempt to restate them here. The answer of the defendants consists of denials of most of the material allegations of

the complaint, together with three affirmative defenses, to the second and third of which the court sustained a general demurrer. By the defenses which were eliminated from the pleadings by the ruling of the court upon the plaintiff's demurrer, the defendants challenged the validity of plaintiff's alleged contract, and the bond given by him for its faithful performance; and, also, undertook to show that the plaintiff had, before the commencement of this action, assigned all his interest in, and right to, the New Pacific Geography to the Westland Publishing Company, and was, therefore, not a proper party to maintain this action. From the evidence adduced at the trial, and the various stipulations of counsel, the lower court found, among other things, that the course of study adopted by the defendants for the schools of said school district No. 1 does not violate any of the laws of this state, or conflict with the state course of study prescribed by the state board of education, to the detriment of the plaintiff; that, in all the classes and grades wherein the state course of study requires the use of the New Pacific Geography, the defendants herein have caused the same to be taught in the schools of Olympia, except in the second half of the fifth year; that the New Pacific Geography has been taught in the schools of Olympia, in good faith, and in such manner that the pupils in such schools become proficient therein, and that the defendants in this case have acted in good faith towards the plaintiff in respect to his contract rights, and that the pupils of said school district, in the grades wherein said New Pacific Geography is required to be taught, according to the local course of study, are required to purchase, and have in their possession, copies of said geography. From the facts as found, the court con-

cluded, that the defendants had not exceeded their authority in establishing the course of study adopted by them; that the plaintiff had not been damaged by the action of the defendants in respect to the use of said geography; that the plaintiff was not entitled to any relief herein; and that the defendants were entitled to a judgment of dismissal, and for their costs and disbursements herein. A judgment was accordingly entered, dismissing the proceeding, and both parties have appealed therefrom.

The first point made by the defendants is that the court erred in sustaining the demurrer to the second affirmative defense, set up in the defendants' answer. That defense, as we have already intimated, purported to state facts showing that the state board of education acted beyond the authority conferred upon them by law in the execution of these contracts, and that their contract with plaintiff was consequently void, and not binding upon the defendants. The state board of education is positively and exclusively empowered, by § 105 of the code of public instruction (Laws 1897, p. 356), to enter into contracts with publishers for the supply of text books for the public schools. The contract in question having been executed on behalf of the state by the only persons or body authorized to execute it, and having been, so far as we are informed, faithfully performed by the plaintiff, and without objection on the part of the state or its agent, the state board of education, ought not now to be declared invalid, especially in this proceeding. The defendants were not parties to this contract, and therefore have no concern therein and no right to interfere therewith. *Curryer v. Merrill*, 25 Minn. 1, 8. See, also, *Rand, McNally & Co. v. Royal*, (*ante* p. 420) which was herewith submitted and considered, and *State ex rel.*

*Roberts v. School Directors,* 74 Mo. 21. The demurrer aforesaid was properly sustained as to both of said defenses.

It is next claimed that the court erred in refusing to find that the state board of education did not, as alleged in the complaint, adopt a course of study for the public schools of the state. While this contention is in accord with the issue tendered by defendants by their denial in the answer, it is, nevertheless, contrary to the position assumed by them at the trial, for they there insisted, and produced testimony to show, that a course of study purporting on its face to have been published by authority of the state board of education had been, in good faith, observed in the schools of the city of Olympia. Although there may have been some irregularity in the method of doing it, we think the evidence sufficiently shows that the state board of education did prepare a course of study, which was generally recognized as such by the various boards of school directors. At all events, it is certain that a general course of study, appearing to have been prepared and published by the only body lawfully authorized so to do, came to the knowledge, and into the possession, of the defendants and was by them treated as the state course of study. And, besides, it appears from the evidence that plaintiff's geography was in fact adopted as a text book by the state board of education, to be used in the common schools in the fifth and sixth years or grades of such schools, not necessarily at all times during those years, but for such length of time as may be required for the mastery thereof by the pupils.

But, aside from all this, it is not the province of school directors to adopt a course of study according to their own notions of what such a course should be. And

28-36 wash.

if they were permitted to do so, the result would be, in a large measure, to destroy that uniformity of our public school system which is contemplated by the constitution and laws of this state. It is the duty of school directors, enjoined on them by law, to enforce the course of study prescribed by the state board of education, and not to adopt and enforce some other course, inconsistent therewith, which they may deem superior thereto. See Laws, 1897, p. 373, § 40, et seq. We perceive no substantial merit in defendant's contention that the proof shows that the plaintiff is not in fact the real party in interest, for, as we view it, the evidence discloses a contrary state of facts.

The defendants further contend that the bond executed by plaintiff to secure the faithful performance of his contract was not conditioned or approved as provided by law, and was therefore null and void. This same point was made by these defendants in the case of *Rand, McNally & Co. v. Royal, supra,* and we there held that the form and sufficiency of a similar bond were not matters in which the defendants were in any way interested or concerned.

We deem it a sufficient answer to the proposition advanced on behalf of the defendants, that the New Pacific Geography, as now published, is not the book which the state board of education adopted or pretended to adopt, because of the fact that many changes have been made therein, to observe that the plaintiff's contract plainly provided for the changes in, and additions to, said geography which he has since made.

Inasmuch as what we have already said disposes of the material questions of law discussed in the brief of the plaintiff, we will now proceed to determine whether the facts appearing in the record are sufficient to warrant

the findings and judgment of the trial court. It will be remembered that the court found that, in all the classes and grades in which the state course of study requires the use of plaintiff's geography, the defendants "have caused the same to be taught in the schools of Olympia, Washington, except in the second half of the fifth year," and that said geography has been used in said schools in such manner that the pupils become proficient therein. And we are not prepared to say that the evidence is not sufficient to support these findings. And, in view of the further fact that each pupil in the fifth and sixth grades has been required to purchase, and have in possession, the New Pacific Geography, we are constrained to conclude. that the court was, also, right in finding that the plaintiff has not been damaged by the acts of the defendants of which he complains. And that being so, it follows according to the rule announced in *Rand, McNally & Co. v. Hartranft,* 29 Wash. 591, 70 Pac. 77, and followed in *Westland Publishing Company v. Royal, supra,* that the judgment of the trial court must be affirmed, and it is so ordered. Neither party will recover costs in this court.