[No. 224. Decided July 8, 1891.]

D. J. CALLAHAN *et al.* v. H. E. HOUGHTON *et al.*

APPEAL — NOTICE — FILING TRANSCRIPT.

Where the court in a cause of equitable cognizance delivered his findings and decree to the clerk to be filed, and defendant thereupon gave notice in open court of appeal, and ordered and paid for a transcript, which the clerk failed to prepare and file within thirty days thereafter, on the ground that he had not entered the decree because plaintiff had not paid the fees therefor, no laches can be attributed to the defendant.

*Appeal from Superior Court, Spokane County.*

Motion by appellees to dismiss appeal, and affirm the decree.

*W. C. Jones,* and *Belt & Quinn,* for appellants.

*Turner & Graves,* for appellees.

The opinion of the court was delivered by

STILES, J.—This was a motion to dismiss an appeal, and affirm a decree, for failure to cause a transcript to be prepared within thirty days after the notice of appeal. Upon the hearing of the motion it appeared that the judge of the court below, on the 17th day of February, 1891, in open court, handed to the clerk his findings of fact and conclusions of law, and the form of a decree in the cause (which was one of equitable cognizance) to be filed, and immediately thereupon the defendant gave notice of appeal, ordered a transcript, and paid the clerk his fees therefor. About March 12th, appellant applied to the clerk for the transcript, but was informed that he had not filed the judge's findings, or entered the decree, because the plaintiff had not paid the fees therefor, and declared that he would not do so until the fees were paid. The fees were not paid until April 23d, nor was the decree entered until then. Defendant then gave a new notice of appeal. In our opinion, if the notice of appeal, when given, was of any force, there was no laches on the part of the defendant, and the motion cannot prevail.

Motion denied.

ANDERS, C. J., and HOYT, SCOTT, and DUNBAR, JJ., concur.