[No. 1066. Decided January 3, 1894.]

THE STATE OF WASHINGTON, *on the relation of C. M. Baldwin, Respondent,* v. L. T. SEAVEY, *Appellant.*

APPEAL — SECOND NOTICE — BOND — BOARD OF HEALTH — REMOVAL OF HEALTH OFFICER.

Where an appeal has not been perfected after notice given, a new notice may be given if the statutory period therefor has not expired. (HOYT, J., dissents.)

A *supersedeas* bond on appeal is sufficient without the giving of an appeal bond.

The health officer appointed by the board of health for the collection district of Puget Sound has no prescribed tenure of office, and the appointment and removal of such officer is at the pleasure of the board, although he is by law required to file a bond and take an oath of office.

*Appeal from Superior Court, Jefferson County.*

*Rupert & Fitzgerald,* and *A. R. Coleman,* for appellant.

*George H. Jones,* for respondent.

The opinion of the court was delivered by

STILES, J.—The appeal initiated by notice in open court June 10th was not perfected by the filing of a bond, and a

new notice of appeal was given June 17th, and a bond filed on the same day. This entitled the appellant to have his case heard. *Tacoma Lumber & Mfg. Co. v. Wolff*, 5 Wash. 264 (31 Pac. Rep. 753).

The bond was a bond for costs and to stay proceedings, and although it was in the amount fixed by the court for a *supersedeas*, and no separate bond for costs was given, it was sufficient. *Ewing v. Van Wagenen*, 6 Wash. 39 (32 Pac. Rep. 1009).

It is conceded in this case that on the 21st day of March, 1892, Henry Landes, Thomas Jackman and R. C. Hill constituted the board of health for the collection district of Puget Sound, authorized by chapter 159, Code of 1881. It is also conceded that on the day named the said board duly appointed the respondent health officer of the said district, and that he qualified as required by the statute, entered upon his duties, and was at all times present, ready and willing to continue the performance of the same until the interference of the appellant hereinafter mentioned.

It further appears that although the names of the three commissioners above mentioned were communicated to the senate at its last session by the governor, as nominees for positions on the board, the senate refused confirmation, and that after the legislature had adjourned, and on March 24, 1893, the governor, assuming the several commissionerships to be vacant, appointed and commissioned Frank A. Bartlett, L. B. Hastings and R. C. Hill to be such commissioners, and that they qualified as required by law.

The former members of the board continued to act until the qualification of their successors; but upon such qualification they made no opposition, but surrendered the books, papers and other belongings of the board to the new appointees, and ceased to act, or to claim to act, as commissioners.

The new commissioners organized as a board, and among their first acts they declared the position of health officer vacant, and appointed the appellant thereto, and he duly qualified and proceeded to exercise the functions of health officer. This action was brought to inquire by what right he assumed to act, and the court below found against him, and enjoined him from further interference with respondent, who was declared to be the only legal health officer.

In determining the case below, the court held that the relator could raise the question whether the governor had power to make the new appointments, there being no actual vacancy in the office of commissioner, and upon consideration of the main question, decided against the existence of that power. We are urged to reverse that ruling by one side and to sustain it by the other; but in view of its manifest great importance we shall not do either at this time, it being not necessary to the disposition of the case before us.

In our opinion, on the 3d day of April, when the newly constituted board assumed to declare the position of health officer vacant, it was a *de facto* board and could exercise all of the powers of a *de jure* board, because in form the appointment of its members was regular; they had qualified in the manner provided by law, they were in possession of the paraphernalia of the office, and there were no legally appointed commissioners contesting their right to act. If, as a matter of fact, they were illegally appointed, they were vulnerable to a direct attack, but they could not be ousted in any collateral proceeding to which they were not parties. *Plymouth v. Painter*, 17 Conn. 585; *State v. Carroll*, 38 Conn. 449; *In re Ah Lee*, 5 Fed. Rep. 899; *Osborne v. State*, 128 Ind. 129 (27 N. E. Rep. 345); *Hamlin v. Kassafer*, 15 Or. 456 (15 Pac. Rep. 778); *Hildreth v. McIntire*, 19 Am. Dec. 61, notes.

The question to be determined, therefore, is, whether, in removing respondent, the board was attempting to do an act which a *de jure* board could lawfully do.

The health officer, under the statute, is the executive officer of the board of health, with such fees for his compensation as may be fixed by the regulations of the board within prescribed limits. The law providing for his appointment gave him no official term, and evidently contemplated his appointment and removal at the pleasure of the board. Although required to file a bond and take an oath of office, the tenure of his office is not within the purview of any of the statutes governing appointments or removals.

"When the tenure of the office is not fixed by law, and no other provision is made for removals, either by the constitution or by statute, it is a sound and necessary rule to consider the power of removal as incident to the power of appointment." Mechem on Public Officers, § 445.

Being in possession of their offices, and no one directly contesting, the commissioners had full power and authority to control their subordinate, and to remove him and appoint another if they saw fit.

Judgment reversed, and cause remanded with instructions to dismiss the complaint.

DUNBAR, C. J., and SCOTT and ANDERS, JJ., concur.

HOYT, J.—I concur in the opinion on the merits, but dissent as to the motion to dismiss.