[No. 2872.    Decided September 24, 1898.]

J. E. SLIGH, *Appellant,* v. THE SHELTON SOUTHWESTERN RAILROAD COMPANY *et al., Defendants,* W. H. KNEELAND, *Receiver, et al., Respondents.*

APPEAL — NOTICE — BOND — BRIEFS — OBJECTIONS NOT RAISED BELOW— CREDITOR'S BILL AGAINST RECEIVER — LEAVE TO SUE — PLEADINGS.

A second notice of appeal may be given and the appeal perfected thereunder, without a formal order of dismissal of an appeal attempted under a prior notice.

Objection to an appeal bond, because the justification of the sureties is technically defective, cannot be raised for the first time in the appellate court.

Reference in a brief to the pages of the transcript, as required by the court rules, is not necessary, when the case was disposed of upon a motion to strike portions of the complaint and upon a demurrer to the complaint, and the brief contains the substance of both.

Fraud in the valuation of property transferred to a corporation in consideration of an issuance of corporate bonds cannot be taken advantage of by a creditor, when the transaction took place prior to the time that his cause of action arose.

An action in the nature of a creditor's bill against a corporation in the hands of a receiver states a cause of action when it alleges that the corporation, although not insolvent, was put in the hands of a receiver in an action which was not brought in good faith, but for the purpose of hindering, delaying and defrauding unsecured creditors, including the plaintiff.

In such an action, an allegation that a mortgage given by the corporation covering its real and personal property was invalid as to the personalty, because not containing the affidavit of good faith required by the statute relating to chattel mortgages, states a cause of action.

Where it appears by the allegations of a creditor's bill that a receiver of a corporation was appointed for the purpose of hindering creditors, it is not necessary that relief should be sought in the receivership action, but the institution of an action in the same court, after leave of court obtained to sue, is sufficient, under the circumstances.

The fact that a creditor's bill against a receiver does not allege leave of court to sue, being a purely technical objection which was not relied on in the lower court nor in respondents' original brief, although a demurrer for want of sufficient facts had been interposed against the complaint, cannot be raised in a supplemental brief which is filed under the rule permitting the citing of additional authorities to sustain points raised in the regular brief. (GORDON, J., dissents.)

Appeal from Superior Court, Mason County.—Hon. CHARLES W. HODGDON, Judge. Reversed.

*J. E. Sligh,* for appellant.

*John A. Parker, H. S. Tremper,* and *Bates & Murray,* for respondents.

The opinion of the court was delivered by

SCOTT, C. J.—Respondents move to dismiss the appeal herein on three grounds, one of which is that at the time this appeal was taken a prior notice of appeal had been given. It appears that the appeal was not perfected under the first notice, and, although the second notice was served and an appeal perfected thereunder without a formal order of dismissal of the first attempted appeal, we are of the opinion that it was well taken.

It is further contended that the appeal bond was insufficient because in their justification the sureties did not state that they were residents of this state and owned property, etc., therein. The justification contained the statement that the sureties were worth each the sum of $200 over and above all obligations and liabilities and exclusive of exemptions allowed by the laws of this state; and, while not technically sufficient, it appears that no objection was taken to the form of the bond or the justification in the lower court, and as the substance of the bond is sufficient and there was a justification by the sureties, although defective, the motion will not be allowed to prevail at this time.

The last ground for dismissal is that the appellant's brief contains no reference to the pages of the transcript, etc.; but, as the case was disposed of upon the motion and demurrer to the complaint, the substance of both of which is contained in the brief, the rule was sufficiently complied with. The motion to dismiss is denied.

The errors complained of in this appeal are, first, an order striking certain paragraphs of the complaint upon a motion by a number of the respondents, and the sustaining of a demurrer to the complaint introduced by the other respondents, together with a judgment of dismissal against the plaintiff. The plaintiff is the owner of a judgment against the Shelton & Southwestern Railroad Company obtained in April, 1894. This action is in the nature of a creditor's bill for the purpose of subjecting the property of the defendant corporation to its payment. Several grounds for relief are set forth, one of which is the issuance of bonds in the sum of $125,000 in payment of certain property transferred to the corporation, which is alleged to have been of a much less value. But, as this transfer and the issuance of the bonds took place prior to the time that the cause of action upon which the plaintiff's judgment was obtained arose, it is within the holding of this court in the case of *Manhattan Trust Co. v. Seattle Coal & Iron Co.*, 19 Wash. 493 (53 Pac. 951), and does not state a cause of action in that respect.

Immediately after the plaintiff's judgment was obtained a receiver was appointed for the property of the defendant corporation in a suit brought by the Mason Mortgage Loan Company, and it is alleged that at that time the defendant corporation was not insolvent and that said action was not brought in good faith, but was fraudulently brought for the purpose of hindering, delaying and defrauding the unsecured creditors of the defendant corporation, includ-

ing the plaintiff, and upon this ground the complaint states a cause of action.

It is further alleged that the defendant corporation owned some $10,000 worth of personalty, and the mortgage which was executed to secure the bonds, and which purported to cover both the real estate and personal property, contained no affidavit as required by § 1648, 1 Hill's Code (Bal. Code, § 4558) relating to chattel mortgages, and was therefore insufficient to create a mortgage lien upon the personalty. Upon this ground, also, the complaint stated a cause of action, for this was sufficient to entitle the unsecured creditors to share with the secured creditors in the proceeds of the personalty. Consequently the motion to strike, which included these paragraphs of the complaint, and the demurrer on the grounds that the complaint did not state facts sufficient to constitute a cause of action, were improperly sustained.

It was further urged upon the argument that the complaint was insufficient and that the lower court had no jurisdiction in this case, for the reason that the plaintiff could only seek relief in the action in which the receiver was appointed; and for the further reason that the complaint did not allege that he had obtained leave to bring this suit against the receiver; and also that such leave could only have been obtained by an application in the receivership action. It does not appear that the receiver was appointed for the purpose of winding up the affairs of the corporation and distributing its property among its creditors. In fact, the contrary appears by the allegations of the complaint. Also, this action was brought in the same court where the receivership action was pending, and leave to bring suit was obtained in this action, an order to that effect appearing in the record; and we think the leave obtained in this manner was sufficient, under the circumstances.

The point that the complaint fails to allege such leave is not now available, if it were a necessary allegation, for it does not appear that it was urged in the lower court. In the respondents' first printed brief filed in this court the motion to strike certain paragraphs of the complaint by a number of the respondents and the demurrer to the complaint by the others are argued together upon the same grounds. No reference to a failure to allege obtaining leave to sue was set forth as one of the grounds of the motion, and while it would be included in the general ground stated in the demurrer, that sufficient facts were not alleged to constitute a cause of action, it still appears that it was not relied upon in the lower court, and is not urged in the respondents' printed brief aforesaid. The objection being a purely technical one, it should appear that the attention of the lower court was called thereto. In a subsequent typewritten brief filed by the respondents the point is raised and authorities are cited, but this brief was filed on the day of the hearing in this court under the rule permitting additional authorities to be filed and served. This would not permit the raising of new points, but only the citing of additional authorities to sustain such points as were raised in the regular brief, and for that reason the point, if well taken otherwise, could not now prevail.

The judgment of the lower court must be reversed and the cause remanded for further proceedings.

Dunbar, J., concurs.

Reavis, J., concurs in the result.

Anders, J., not sitting.

Gordon, J. (dissenting).—I dissent. The complaint in this action nowhere alleges that leave had been obtained to bring the suit, and, in my opinion, the court ought not

to consider anything beyond what appears from the complaint, in determining a demurrer. The order referred to in the opinion comes here upon mere direction of appellant's attorney; it is no part of the complaint and the demurrer is not addressed to it. But, under the statute, the objection that the complaint is insufficient can be raised in this court for the first time, and it was not necessary that the attention of the superior court should have been specifically called to it. Further than that, the demurrer, being in the language of the statute, is sufficient in itself to raise the objection; and, still further, the defect being fatal and the court having reached a right conclusion, it is immaterial by what process of reasoning the same was reached. I think the judgment should be affirmed.