GEORGE F. MANKER v. PHOENIX LOAN ASS'N OF ST. JOSEPH, Mo., Appellants.

**Receivers:** LEAVE TO SUE: JURISDICTION: DEFENSE. Failure to obtain leave to sue a receiver, is neither a bar to the jurisdiction of a court of law, nor a defense to an otherwise legal action.

**Voluntary appearance:** ESTOPPEL. A receiver who appears, defends and seeks affirmative relief in a suit brought against him without leave of court, cannot afterward, on that ground, question the jurisdiction, and it will be presumed that he is authorized to defend the action.

*Appeal from Taylor District Court.*— HON. H. M. TOWNER, Judge.

THURSDAY, JUNE 9, 1904.

THIS case, and the case of John Wyckoff against the same defendants, submitted with it, are suits in equity to recover money paid as usurious interest, and asking the cancellation of certain evidences of indebtedness and mortgages given to secure the same, to the defendant association. In each case the receivers of the association are named as defendants. In the *Manker Case* the defendants answered generally, while in the *Wyckoff Case* the receivers alone answer. The cases were tried together below, and there was a decree for each of the plaintiffs. The defendants appeal.— *Affirmed.*

*Flick & Jackson, S. W. Swaby,* and *Vinton Pike* for appellants.

*Haddock & Sons,* for appellee.

SHERWIN, J.— The evidence in these cases was not preserved, and we have nothing before us but the pleadings and decrees. The defendants plead that they are a building and loan association authorized to transact business in this State, and that the plaintiffs were members of the association and stockholders therein, and as such borrowed the money upon which the payments stated were made, and that the rate of interest paid was not usurious. There was a counterclaim in each case, asking the foreclosure of the mortgage given to the association. It was decreed in each case that the defendant association was not in fact a building and loan association, and was not authorized to do business in this State as such, that the indebtedness due the association had been paid, and that the mortgages be canceled. There is nothing before us indicating that the association has been dissolved, or that it has ceased to exercise its corporate functions; the judgments against the association should therefore stand.

The real controversy in the cases as they now stand arises

over the contention of the receivers that the plaintiffs had

**1. LEAVE TO SUE: jurisdiction; defense.** never been given authority to sue them, and that leave to sue is a jurisdictional fact which must be alleged and proved. There is no question in either case as to the fact that the parties named as receivers were receivers of the association. The appellees concede it to be the general rule that, before suit is brought against a receiver, leave should be obtained from the court by which he was appointed, and that if such leave is not obtained, and the question is raised in the trial court, it will defeat its jurisdiction. This seems to be considered the rule in the United States courts, as announced in *Barton v. Barbour,* 104 U. S. 126 (26 L. Ed. 672). But we doubt if that case goes to the length of holding that there is a want of jurisdiction in all such cases. Speaking of the contention that want of leave to bring suit did not take away the jurisdiction of the court in which it was brought, it is said: " Our decision upon this question will be limited to the facts of this case, which are, that the receiver was appointed by the court of the State of Virginia, and the property in course of administration was in that State; the suit was brought in a court of the District of Columbia, a foreign jurisdiction; and the cause of action was an injury received by plaintiff in the State of Virginia by reason of the negligence of the defendant while carrying on the business of a railroad under the orders of the court by which he was appointed.   *   *   *   Upon these facts we are of opinion that the Supreme Court of the District of Columbia had no jurisdiction to entertain the suit." The decision was limited to the particular facts of that case, and, if construed as broadly as contended, states a rule at variance with the one announced by this court and by many other courts. In *Allen v. The Iowa Central Railroad of Iowa,* 42 Iowa, 683, we held that the failure to obtain leave to sue in such cases was not a bar to the jurisdiction of the court of law, " and no defense to an otherwise legal action on trial." To the same effect are *Kinney v. Crocker,* 18 Wis. 74; *Paige v. Smith,* 99

Mass. 395; *Hills v. Parker,* 111 Mass. 508 (15 Am. Rep. 63); *Tobias v. Tobias,* 51 Ohio St. 519 (38 N. E. Rep. 317); 23 Am. & Eng. Enc. 1125, and notes.

But if this were not the established rule in this State, it is clear that when a receiver has appeared and defended, and, 2. VOLUNTARY APPEARANCE: estoppel. as in this case, has invoked the affirmative judgment of the court, he cannot, after an adverse decision, question the jurisdiction to which he has voluntarily submitted or himself invoked. *Sterritt v. Robinson,* 17 Iowa, 61; *Cooley v. Smith,* 17 Iowa, 99; *Elkhart Car Works v. Ellis,* 113 Ind. 215 (15 N. E. Rep. 249); *Mulcahey v. Strauss,* 151 Ill. 70 (37 N. E. Rep. 702). Moreover, when the receivers voluntarily appeared and submitted to the jurisdiction of the court, it will be presumed that they were authorized to defend, and such presumption will obtain until the contrary is affirmatively shown. The presumption is that a general receiver has authority to sue, and, when the receivers in these cases filed petitions asking the foreclosure of the mortgages given to the association, it was an invitation to the court to settle all differences between themselves, as receivers, and the plaintiffs, growing out of the transactions connected therewith.

The judgment is therefore AFFIRMED.