[No. 5288.   Decided April 10, 1905.]

GEORGE S. PAYSON *et al., Appellants,* v. B. F. JACOBS
*et al., Respondents.*[1]

RECEIVERS—LEAVE TO SUE—WAIVER OF OBJECTION. The ob-
jection that plaintiff did not obtain leave to sue a receiver is
waived if not made in the court below.

SAME—PRESUMPTION ON COLLATERAL ATTACK. That plaintiff
obtained leave to sue a receiver, will be inferred when raised
in a collateral proceeding, especially when the same court that
appointed the receiver rendered the judgment against him.

LIS PENDENS—MORTGAGES — FORECLOSURE — UNRECORDED DEED
JUNIOR TO THE MORTGAGE—ACTUAL NOTICE OF MORTGAGEE. The
filing of notice of pendency of an action to foreclose a mortgage,
under Bal. Code, § 4887, is notice to the holder of an unrecorded
conveyance which is junior and inferior to the mortgage, and
such holder is bound absolutely by the judgment the same as
though he were made a party to the action, although the mort-
gagee had actual notice of the conveyance prior to the com-
mencement of the action.

Appeal from a judgment of the superior court for Pierce
county, Chapman, J., entered February 3, 1904, upon
findings in favor of the defendants, after a trial on the
merits before the court without a jury, in an action to quiet
title. Reversed.

*William H. Pratt* and *Walter Loveday,* for appellants.

*F. R. Baker* and *G. W. H. Davis,* for respondents.

PER CURIAM.—On the 12th day of November, 1889,
James A. Schrenghost and wife mortgaged to the Mason
Mortgage Loan Company the northeast quarter of sec-
tion 26, Tp. 19 N., R. 4 East, in Pierce county, to secure
the payment of a promissory note of $600, with interest
at the rate of nine per cent per annum, due five years

[1]Reported in 80 Pac. 429.

after date.    On the 24th day of December, 1889, this note and mortgage were indorsed and assigned to George S. Payson, one of the plaintiffs in this action.    Through mesne conveyances, the title to the mortgaged property, subject to the mortgage, vested in one Fred D. Barto, as receiver of the Bank of Puyallup, appointed by the superior court of Pierce county.    The conveyance to said Barto was dated April 24, 1894, and filed for record April 25, 1894.    On the 24th day of January, 1896, Barto, as receiver, by order of the court, conveyed the property to B. F. Jacobs, one of the defendants in this action, in consideration of the sum of $2.    The deed to Jacobs was not filed for record until February 10, 1903.

On the 10th day of July, 1897, while the record title stood in the name of Barto as receiver, but after the delivery of the receiver's deed to the defendant Jacobs, Payson, the holder of the note and mortgage, commenced an action to foreclose in the superior court of Pierce county against the mortgagors, Fred D. Barto, receiver of the Bank of Puyallup, and others, the complaint alleging that Barto, as receiver, and the other defendants therein named, had or claimed some right, title, lien, or interest in or to the mortgaged premises, as owner or otherwise, but that such claims, if any, were junior, inferior, and subject to the lien of the Payson mortgage.    The defendants in this action were not made parties to that action.

At the time of commencing the foreclosure action, the plaintiff therein filed in the office of the county auditor of the proper county a notice of the pendency of the action, containing the names of the parties thereto, the object of the action, and a description of the property affected thereby, as required by law.    Thereafter, on the 1st day of December, 1898, a decree of foreclosure was regularly entered, adjudging that the defendants

therein, and all persons claiming from or under them, were forever barred and foreclosed of and from all equity of redemption and claim to the mortgaged premises, from and after the delivery of the sheriff's deed. The mortgaged property was sold under this decree and the sale confirmed. On the 24th day of February, 1900, the sheriff executed a deed to the plaintiff George S. Payson, who was the purchaser at the foreclosure sale, and on the 23d day of March, 1900, the sheriff's deed was filed for record.

The plaintiffs brought this action against the defendants, Jacobs and wife, to quiet their title acquired at the foreclosure sale, and to remove a cloud therefrom. The court below found, that leave of court was not obtained to sue the receiver in the action to foreclose the mortgage; that, prior to the commencement of the foreclosure proceedings, the plaintiff in said action had notice of the purchase of the mortgaged premises by the defendant Jacobs, and of his rights therein, under and by virtue of the receiver's deed, and that the note and mortgage were barred by the statute of limitations. A decree was thereupon entered dismissing the action, adjudging the defendants to be the owners in fee simple of the mortgaged premises, and directing a cancellation of the mortgage. From this judgment the plaintiffs appeal.

The court below held that the foreclosure proceedings and sale were void upon two grounds: (1) because leave of court was not first obtained to sue the receiver; and (2) because the holders of the legal title were not made parties to the foreclosure suit. In the case of *Barton v. Barbour*, 104 U. S. 126, 26 L. Ed. 672, it was held, by a divided court, that leave to sue a receiver is a jurisdictional prerequisite, when required. In *Brown v. Rauch*, 1 Wash. 497, 20 Pac. 785, the territorial supreme court followed this decision, as it felt bound by the decision of

the federal supreme court above referred to. The rule established in the *Barton* case was afterwards changed by act of Congress, so far as receiverships in the federal courts are concerned. In the state courts the great weight of authority is that failure to obtain leave to sue a receiver is not jurisdictional, but is merely an irregularity, which can only be taken advantage of by a stay of proceedings, or by proceedings as for a contempt. Beach, Receivers (Alderson's ed.), § 657; 23 Am. & Eng. Ency. Law (2d ed.), 1125.

In *Slight v. Shelton Southwestern R. Co.,* 20 Wash. 13, 54 Pac. 763, this court held that the objection that leave to sue was not obtained was purely a technical one, and is not available unless urged in the court below. We think this is the better rule, and is sustained by the weight of authority. Furthermore, the question is here sought to be raised in a collateral proceeding, and the court will presume, if necessary, that such leave was obtained, where the record is silent. This presumption should certainly prevail where the judgment is rendered against the receiver in the same court in which he is appointed. If a court renders a judgment against its own officer, consent to prosecute the action in which the judgment is rendered should be inferred.

This court has frequently held that the holder of the legal title to real property is a necessary party to an action to foreclose a mortgage or other lien against it. *Dane v. Daniel,* 23 Wash. 379, 63 Pac. 268, and cases cited. Since the holder of the legal title is an essential party to such an action, it is equally essential that the holder of the mortgage or other lien should have certain and definite means of ascertaining who is the holder of the legal title, within this rule. In our opinion our statute furnishes such means. Bal. Code, § 4887, provides for the filing of a

notice of lis pendens in actions affecting the title to real property, and that, from the time of filing such notice, the pendency of the action is constructive notice to purchasers and incumbrancers of the property affected by the action, "and every person whose conveyance or incumbrance is subsequently executed or subsequently recorded shall be deemed a subsequent purchaser or incumbrancer, and shall be bound by all proceedings taken after the filing of such notice, to the same extent as if he were a party to the action." The respondents contend that this statute does not apply where the holder of the mortgage has actual notice of the claim under the unrecorded instrument, and cite the following from 21 Am. & Eng. Ency. Law (2d ed.), page 651:

"It has generally been held that where at the time when the notice was filed the party entitled to the benefit of the lis pendens had equitable notice of the rights outstanding under the unrecorded instrument, the statutory provision has no application, and the person in whom such outstanding rights are vested must be made a party to the suit or he will not be bound by the judgment or decree."

An examination of the authorities cited to sustain the text will show that this is only true where the claim under the unrecorded instrument is superior and paramount to the mortgage. In other words, it only applies to cases where the claimant under the unrecorded instrument would not be affected if made a party to the action. Thus, in *Lamont v. Cheshire,* 65 N. Y. 30, the court says:

"The clause as to this matter was introduced mainly to provide for a class of controversies where a title inferior in right and subordinate to that of the plaintiff had not been put on record, but had accrued prior to the commencement of the action or of the filing of the notice. Under the former rules, it would be necessary to make the owner of such a title a party, as his right did not come

to him during the pendency of the action. It might frequently be difficult for the plaintiff to ascertain the fact that such a sale had taken place. The section of the code, as modified, makes all such inquiry unnecessary. While it also applies to cases of rights superior to those of the plaintiff, it only affects them in such a way as they would be influenced if the owners were parties to the action. Thus if a second mortgagee should desire to foreclose, his omission to make the holder of a prior unrecorded mortgage a party, would not enable him, with full knowledge of the facts, to gain a superior title."

In *Coe v. Manseau*, 62 Wis. 81, 22 N. W. 155, the court says:

"The only purpose of registration, or of lis pendens, is to give a constructive notice to persons who become subsequently interested in the estate. Wade on Notice, § 97; *Boyd v. Weil*, 11 Wis. 58. A prior mortgagee, or other incumbrancer, has an interest paramount to the junior mortgagee, which cannot be affected by the foreclosure of the junior mortgage, and he is not a proper party thereto, and is under no obligation to redeem such mortgage."

To the same effect, see, *Eldridge v. Stenger*, 19 Wash. 697, 54 Pac. 541.

As stated above, the correct rule is that the claimant under an unrecorded instrument is bound by the judgment of foreclosure, to the same extent, and in the same manner, as if he were a party to the action, where the lis pendens is filed. If the claim under the unrecorded instrument is superior and paramount to the claim of the plaintiff in the foreclosure, and the plaintiff had notice of such unrecorded instrument, the claimant under the unrecorded instrument would not be bound as a party to the action, and therefore will not be bound if not made a party, even though the lis pendens be filed. But, if the claim under the unrecorded instrument is junior and inferior to the claim under the mortgage, the holder thereof

is bound absolutely, because he would be so bound if made a party defendant. The findings of fact do not sustain the judgment, and we therefore deem it unnecessary to decide whether the plaintiff in the foreclosure suit had notice of the claim under the subsequent deed, at the time he instituted his action.

The judgment is reversed, with direction to enter a judgment in favor of the appellants, according to the prayer of the complaint.