[No. 10123. Department One. July 8, 1912.]

GOODALE PHONOGRAPH COMPANY, *Appellant*, v.
F. E. VALENTINE *et al.*, *Respondents*.[1]

RECEIVERS—ACTIONS—CONDITIONS PRECEDENT—LEAVE TO SUE—WAIVER. The objection that leave of court to sue a receiver was not first obtained is waived if not raised by the receiver upon filing a general appearance, and cannot thereafter be raised by other parties.

CORPORATIONS — ACTIONS—CONDITION PRECEDENT— PLEADING. A complaint by a corporation need not allege that the action was authorized by its board of directors, since it will be presumed until the contrary appears.

JUDGMENT — RES JUDICATA—COLLUSIVE ACTION —MATTERS AND PARTIES CONCLUDED. The denial of a motion to vacate the appointment of a receiver of a corporation, entered in a collusive suit through *ex parte* proceedings, is not *res judicata* or a bar to a subsequent suit by the corporation to vacate the receivership and set aside the sales made therein.

CORPORATIONS—RECEIVERS—VACATION—GROUNDS —PLEADING—COMPLAINT. A complaint by a corporation to vacate a receivership and set aside sales made by the receiver states a cause of action, where it appears that the assets of the corporation were of the value of $5,000,000, its indebtedness inconsequential, that the defendants owned $1,500,000 of the capital stock, on which they had paid only $1,800, and were solvent, and that they prosecuted a collusive suit for the appointment of a receiver and secured a sale of all the

[1]Reported in 124 Pac. 691.

assets for $500, all the proceedings being *ex parte* and while the president and secretary of the company were absent from the state on the business of the company.

Appeal from a judgment of the superior court for Pierce county, Card, J., entered December 14, 1911, dismissing an action in equity, upon sustaining demurrers to the complaint. Reversed.

*John E. Humphries*, for appellant.

*A. H. Garretson* and *Johnston & McMenamin*, for respondents.

Gose, J.—This is a bill in equity to vacate an order appointing a receiver, and to set aside certain sales made through him. The court sustained demurrers to the complaint, and dismissed the action. Plaintiff prosecutes the appeal.

The complaint is of too great length to be set forth in full. It alleges, however, in substance, that the plaintiff is a corporation organized under the laws of this state, with its principal place of business in the city of Tacoma; that it has paid its last annual license fee; that its property and assets are of the value of $5,000,000; that F. C. Goodale is its president and general manager, and owns a majority of its capital stock, to wit, $3,000,000; that Pearl V. Goodale is its secretary and treasurer, and owns $100,000 of its capital stock; that the respondent Garretson, his wife, and one Coombs are the owners of $1,000,000 of its capital stock upon which $700 has been paid; that the respondent Shreeder is the owner of $500,000 of its capital stock, upon which there has been paid only $1,100; that the respondent Garretson and his wife, and Coombs and the respondent Shreeder are solvent; that the respondent Garretson was plaintiff's vice president and regularly employed attorney; that the respondent Swindells was and is the attorney for the respondent Shreeder; that the respondents, with intent to cheat and defraud the appellant out of its property and assets, and to

destroy the value of its stock, conspired and confederated together and caused a collusive suit to be brought against the appellant by the respondent Valentine, in the superior court of Pierce county; that the respondents Garretson and Swindells handled "both sides of the case;" that they caused the respondent Swindells to be appointed receiver of the property of the corporation by falsely alleging that the appellant was insolvent, and that the president and secretary had left the country and taken the books and papers of the appellant with them, when in fact the appellant was not indebted other than for the traveling expenses of its president and secretary. It is further alleged that the president and secretary, with the knowledge and consent of the respondents, were temporarily absent from the state in the interest of the appellant's business; that the respondents procured an order of court permitting a sale of the property, and that the property and assets of the appellant were sold to respondent Shreeder for the sum of $500; "that all of the orders were *ex parte,* and there was no appearance of any kind or description for the plaintiff . . . and no answer at the time said orders were made had been filed or served . . . and all of said orders were made and secured without any knowledge on the part of the plaintiff or of the president, secretary, treasurer, or general manager." The respondent Garretson demurred upon four grounds as follows:

"(1) That plaintiff has no legal capacity to sue.

"(2) That the plaintiff in its complaint does not state facts sufficient to constitute a cause of action against defendant.

"(3) That there is a defect of parties both plaintiff and defendants.

"(4) That there is another cause pending in the same court between the same parties, involving the same issue."

The respondents Shreeder and Valentine severally demurred, on the ground that the appellant has no legal capacity to sue. The respondent Swindells, the receiver, appeared generally and moved to strike certain interrogatories

and certain allegations of the complaint. The order is that the several demurrers be and are sustained, "on the ground that plaintiff has no legal capacity to sue, and that the complaint does not state facts sufficient to constitute a cause of action," and that the action be dismissed.

The contention of the respondents, that the failure to allege that leave had been obtained to sue the receiver is jurisdictional, is without merit. *Payson v. Jacobs*, 38 Wash. 203, 80 Pac. 429. That case holds that the failure to obtain leave to sue a receiver is an "irregularity which can only be taken advantage of by a stay of proceedings or by proceedings as for a contempt." The receiver having appeared generally, and not having raised the question, will be held to have waived it, and the question does not concern the other respondents. *Manker v. Phoenix Loan Ass'n of St. Joseph*, 124 Iowa 341, 100 N. W. 38.

It is next urged that the action cannot be prosecuted because it was not authorized by a majority of the trustees. It suffices to say that a corporation has the power to sue and defend, and it is not necessary to allege in the complaint that the commencement of the action was authorized by the board of directors. This will be presumed until the contrary appears.

It is next argued that the issue tendered by the complaint is *res judicata*. The only basis for the contention, as shown by the records here, is that, in the original suit wherein the receiver was appointed, the court, before the entry of the judgment in this case, entered an order denying the defendants' motion to vacate the order appointing the receiver, and denying its motion to discharge him. Before the entry of the order in this case, the two cases were consolidated. We do not think the record here is *res judicata*, even as to the receiver; and it can hardly be contended that, upon its face, it adjudicated any rights as between the appellants and the other respondents. If it should be determined upon proper pleadings and proof that the order was entered upon motion

of the appellant acting through its present counsel, and not upon a collusive motion in the original case, a serious question would be presented which we are not now called upon to decide.

Passing to the merits of the question, it clearly appears from the averments in the complaint, that the assets of the appellant were of the value of $5,000,000; that its indebtedness was inconsequential; that the respondents owned about $1,500,000 of the capital stock upon which they had paid only $1,800; that they were solvent; that they prosecuted a collusive suit and secured the appointment of the receiver and a sale of the assets of the appellant for $500. Moreover, it is alleged that one of the respondents was the appellant's vice-president and regularly retained attorney; that all the orders were *ex parte* and that the appellant was not represented in court. If these facts are true, the grossest fraud was perpetrated upon the court, and the assets of the corporation have been fraudulently diverted into the hands of one of the respondents, a stockholder in the corporation, through the combined fraud of the respondents. It is the especial duty of a court of equity to see that such wrongs are promptly redressed. A party to a fraudulent proceeding in court will not be permitted to retain the fruits of his wrongful acts, for fraud committed in court is just as odious as fraud committed out of court.

We think the complaint states a cause of action. The judgment is reversed.

CHADWICK, CROW, and PARKER, JJ., concur.