[No. 12066.   Department One.   July 22, 1914.]

THE STATE OF WASHINGTON, *Respondent*, v. PETER MILLER,
*Appellant*.[1]

APPEAL AND ERROR — NOTICE — EFFECT OF SECOND NOTICE.   The
filing of a notice of appeal within due time operates as an abandon-
ment of a prior notice, and hence all subsequent proceedings based
upon such notice are fixed as to time of filing by the date of the
second notice.

SAME—PROCEEDINGS TO PERFECT—FILING FEE—FAILURE TO PAY—
DISMISSAL.   The payment of the filing fee on appeal subsequent to
a motion to dismiss on the ground of nonpayment, but prior to the
hearing of the motion, cures the defect, under Rem. & Bal. Code,
§ 1734, providing that, when any such motion does not go to the sub-
stance of the appeal, or to the right of appeal, the court may, in its
discretion, deny the motion on such terms as may be just.   ·

Motion to dismiss an appeal from a judgment of the su-
perior court for King county, Ronald, J., entered October
10, 1912, upon a trial and conviction of burglary.   Denied.

*Joseph M. Glasgow*, for appellant.

*John F. Murphy* and *Everett C. Ellis* (*Herbert B. Butler*,
on the brief)ₓ for respondent.

CHADWICK, J.—The defendant was convicted of the crime
of burglary in the second degree.   Judgment was entered on
the 24th day of September, at which time he gave notice of
appeal to the supreme court.   On December 22, he filed an-
other notice of appeal and served it upon the prosecuting at-
torney.   On March 19, the brief of appellant and his abstract
of record were filed in the superior court.   On March 23, the
record was transmitted to this court.   On the 8th day of
May the state moved to dismiss the appeal on the ground that
no transcript or brief on the part of the appellant had been
filed herein, and that the time to do so has expired.   This
motion is predicated on the assumption that the time for ap-

[1]Reported in 141 Pac. 1139.

peal began to run on the 24th day of September. The motion would be well taken but for the fact that appellant gave the notice of appeal on December 22d. This he had a right to do, and having done so, his time for perfecting his appeal ran from that date. The first notice will be treated as if abandoned, under the following authorities: *Spokane Falls v. Browne*, 3 Wash. 84, 27 Pac. 1077; *Callahan v. Houghton*, 2 Wash. 539, 27 Pac. 175; *Griffith v. Maxwell*, 20 Wash. 403, 55 Pac. 571; *Tacoma Lumber & Mfg. Co. v. Wolff*, 5 Wash. 264, 31 Pac. 753, 32 Pac. 462; *State ex rel. Baldwin v. Seavey*, 7 Wash. 562, 35 Pac. 389; *Watterson v. Masterson*, 15 Wash. 511, 46 Pac. 1041; *Embree v. McLennan*, 18 Wash. 651, 52 Pac. 241; *Tatum v. Geist*, 40 Wash. 575, 82 Pac. 902; *Noble v. Whitten*, 34 Wash. 507, 76 Pac. 95; *Sligh v. Shelton Southwestern R. Co.*, 20 Wash. 16, 54 Pac. 763.

A further ground of motion is urged in that, at the time the motion was made, the appellant had not paid his filing fee in this court. The fee was paid before the motion was brought on for hearing. It has been the practice of this court in such cases to overrule motions to dismiss when made for that reason, when, at the time of the hearing, the omission has been cured, or when, in the judgment of the court, the case should be heard and terms may be imposed to meet the consequences of the delay. Nonpayment of a docket fee is not made a non-conditional cause for the dismissal of an appeal, nor will it deprive the court of the discretion put upon it by the statute.

"If the supreme court on the hearing of any such motion or motions shall find the grounds or any part thereof alleged, for the same, to be well taken and true in effect, the court may grant the same in whole or in part, but when any such motion does not go to the substance of the appeal, or to the right of appeal, and the court shall be of the opinion that the moving party can be compensated in costs, or by the imposition of other terms for any delay of the appellant which is made the ground of any such motion (except a failure to take the appeal within the time limited by law) the

court, in its discretion, may deny the motion on such terms as may be just." Rem. & Bal. Code, § 1734 (P. C. 81 § 1221).

The motion to dismiss the appeal is denied.

CROW, C. J., MAIN, and ELLIS, JJ., concur.