[No. 27315. Department One. October 8, 1938.]

THE STATE OF WASHINGTON, *on the Relation of The Home Savings and Loan Association, Plaintiff,* v. MALCOLM DOUGLAS, *as Judge of the Superior Court for King County, Respondent.*[1]

*John W. Whitham* and *A. A. Booth,* for relator.

*The Attorney General, George G. Hannan, Assistant, W. H. Harris,* and *Charles L. Harris,* for respondent.

[1]Reported in 83 P. (2d) 358.

MAIN, J.—This case is here to review an order of the superior court of King county staying the proceedings in an action by The Home Savings and Loan Association until permission had been obtained from Department Ten of the superior court of that county, in which department the liquidation proceedings of the association were, and had been for a considerable time, pending.

The Home Savings and Loan Association is a corporation organized under the laws of this state, with its principal place of business in Seattle, King county. July 1, 1931, the state director of efficiency took charge of the affairs of the association and gave its officers twenty days' notice requiring them to put the affairs of the association in a sound condition, otherwise an application for receivership would be made. Thereafter, the director of efficiency, in a proceeding brought for that purpose, and on October 28, 1932, was, by the superior court of King county, appointed receiver.

In 1933 (chapter 93, Laws of 1933, p. 395, Rem. Rev. Stat. (Sup.), § 3735-1 *et seq.*), the legislature passed an act providing that the supervisor of savings and loan associations of the state should assume the task of liquidating all savings and loan associations that were then in the process of liquidation by receivers under the direction of the superior courts. Subsequent to the effective date of this act, the liquidation of The Home Savings and Loan Association was continued by the supervisor under the direction of the superior court.

August 1, 1938, The Home Savings and Loan Association instituted an action in the superior court of Thurston county for the purpose of requiring the supervisor to turn all the affairs of the association over to it. Subsequently, certain parties were permitted to intervene. While the action was pending in Thurston county,

the supervisor and the interveners filed certain motions and a demurrer. August 6, 1938, the superior court of Thurston county transferred the case to King county, where, as above appears, the liquidation was being had. The matter came on for hearing August 23, 1938, before a department of the superior court of King county other than Department Ten. At this time, a motion was made to stay the proceeding until permission to maintain the action had first been obtained from Department Ten of the superior court of that county. After a hearing upon the motion, an order was entered granting a stay. It is this order that is here for review.

█ The savings and loan association objected to the hearing of the motion to stay, on the ground that it was not timely. It will be assumed, without so deciding, that the rule which requires a party desiring to institute an action against a receiver to first obtain permission from the court in which the receivership is pending, is applicable to the supervisor of savings and loan associations. The rule is that, where an action is brought against a receiver without first having obtained permission to maintain the action and the receiver appears generally, he will be held to have waived his right to insist upon the opposite party obtaining permission.

In the case of *Goodale Phonograph Co. v. Valentine*, 69 Wash. 263, 124 Pac. 691, it was said:

"The contention of the respondents, that the failure to allege that leave had been obtained to sue the receiver is jurisdictional, is without merit. *Payson v. Jacobs*, 38 Wash. 203, 80 Pac. 429. That case holds that the failure to obtain leave to sue a receiver is an 'irregularity which can only be taken advantage of by a stay of proceedings or by proceedings as for a contempt.' The receiver having appeared generally, and not having raised the question, will be held to have

416

waived it, and the question does not concern the other respondents. *Manker v. Phoenix Loan Ass'n of St. Joseph,* 124 Iowa 341, 100 N. W. 38."

That case is controlling upon the question here presented. Applying the rule to this case, the supervisor and the interveners waived their right to raise the question of permission not having been obtained to sue, by appearing generally and filing motions and demurrers while the action was pending in Thurston county.

The order under review will be reversed, and the cause remanded for further proceedings.

BLAKE, SIMPSON, GERAGHTY, and ROBINSON, JJ., concur.