[No. 589.  Decided January 28, 1890.]

## THOMAS CLINE, HENRY CLINE AND MOSES CLINE v. JOHN MITCHELL.

#### APPEAL — PARTIES — PRACTICE.

On an appeal from a justice of the peace to the district court, the sureties on the appeal bond, by signing the bond, submit to the jurisdiction of the court, and are concluded by its judgment, under the provisions of § 1867, Code Wash. T.

In such case, the sureties, being proper parties to the judgment in the district court, should be made parties to the writ of error in the supreme court, or, if they do not desire to become plaintiffs in error, notice should be served upon them in accordance with § 454, Code Wash. T., and proof thereof filed with the clerk of the supreme court.

*Error to District Court, King County.*

The facts are stated in the opinion.

*P. P. Carroll,* for plaintiffs in error.

*Ronald & Piles,* for defendant in error.

All parties to the judgment should have joined in the so-called writ of error. ¿ 454, Code Wash. T.; *Owing v. Kincannon,* 7 Pet. 402: *Simpson v. Greeley,* 20 Wall. 152; *Wilson v. Ins. Co.,* 12 Pet. 140; *Williams v. Bank of U. S.,* 11 Wheat. 414; *Todd v. Daniels,* 16 Pet. 521; *Mussina v. Cavogos,* 20 How. 280; *Sheldon v. Clifton,* 23 How. 481; *Smyth v. Strader,* 12 How. 327; *Masterson v. Herndon,* 10 Wall. 417: *Feibleman v. Packard,* 108 U. S. 14; *Basket v. Hassell,* 107 U. S. 602; *O'Dowd v. Russell,* 14 Wall. 404.

The sureties being properly parties to this judgment, are, therefore, necessarily parties to this pretended writ of error. ¿ 1867, Code Wash. T.; *Moore v. Kepner,* 7 Neb. 291; *Lininger v. Raymond,* 2 N. W. Rep. 359; *Fitzgerald v. Wellington,* 15 Pac. Rep. 582; *Graeler v. De Wolf,* 13 N. E. Rep. 111; *The Belgenland,* 108 U. S. 153.

The opinion of the court was delivered by

ANDERS, C. J. — On the 20th day of April, 1887, defendant in error sued plaintiffs in error, in a justice court in Kitsap county, for the recovery of $299 and costs.

A change of venue was had to another justice, and on May 3d, 1887, judgment was rendered in favor of defendant in error for $295 and costs, from which judgment plaintiffs in error appealed to the district court holding terms at Seattle.

On taking said appeal, plaintiffs in error filed an appeal bond, with sureties, as required by law. The district court, on the trial of the cause, rendered judgment against the defendants therein and their sureties, in pursuance of the provisions of § 1867 of the Code of Washington. From this judgment plaintiffs in error sued out a writ of error, and ask to have said judgment reversed for the reasons: First, that the district court was without jurisdiction to try the cause; second, that the judgment against the sureties is null and void, and the statute authorizing the same is unconstitutional; and, third, that the complaint does not state facts sufficient to constitute a cause of action, and that it was error to render judgment thereon.

Defendant in error moves to dismiss the writ of error for the reason, among others, that all the parties to the judgment in the district court have not joined in, nor been made parties to, this writ of error.

We are all agreed that the judgment of the court below was properly rendered against the sureties on the appeal bond, and that the claim of counsel for plaintiffs in error, that the sureties were not brought into court by proper notice or otherwise, is untenable. By signing the bond they submitted to the jurisdiction of the court, and are concluded. The law then in force was a part of their contract as sureties, and they must abide by it in all its requirements. The sureties being proper to the judgment

appealed from they should be parties here, or, if they did not desire to become plaintiffs in error, notice should have been served upon them by plaintiffs in error, and proof thereof filed with the clerk of this court in accordance with the provisions of § 454 of the code, and it therefore follows that the writ of error should be dismissed.

HOYT, DUNBAR, SCOTT and STILES, JJ., concur.