[No. 2728. Decided October 30, 1897.]

THOMAS CARSTENS *et al., Appellants,* v. SAMUEL D. GUSTIN *et al., Respondents.*

APPEAL — JOINDER OF PARTIES — SURETIES UPON BOND IN ACTION OF CLAIM AND DELIVERY.

Where third parties have obtained possession of personal property levied on by the sheriff by giving a forthcoming bond therefor, and, in an action to try the right of title to the property, judgment has gone against such claimants and their sureties upon the bond, on appeal from such judgment the sureties should either be made parties appellant or notice of appeal served upon them, under the provisions of the statute (Laws 1893, p. 120, § 4, Bal. Code, § 6503), that notice of appeal shall be served upon all parties to an action who do not join in the appeal.

The fact that the sureties are named in the body of the notice of appeal as appealing from the judgment is not a sufficient compliance with the requirements of the statute, when the notice is not signed by the sureties nor by their attorney.

In such an action of claim and delivery, while the sureties are necessarily parties to the action, they are not plaintiffs, as their principals are, and a notice given by the attorneys of plaintiffs is not binding on the sureties.

Appeal from Superior Court, King County.—Hon. E. D. BENSON, Judge. Appeal dismissed.

*Humphries, Humphrey & Edsen,* for appellants:

If sureties may appeal, then the principals may appeal for themselves and sureties. *Nolan v. Jones,* 18 S. W. 1107. Notice to principal is notice to surety. *Baxter v. Marsh,* 1 Yerg. 460.

Sureties are not parties to the cause. The claimant in cases like this takes upon himself the whole defense, both in the lower courts and in the supreme court. *Hudson v. Grafflin,* 72 Fed. 202. Notice of appeal must only be given to parties of record. "But this rule evidently applies only to the parties on the record. Sureties to a stipulation are not parties to the record." *Hudson v. Grafflin, supra; Wood v. Staudenmayer,* 43 Pac. 760. " A surety upon a supersedeas bond is not a party to the suit, and is not entitled to notice." *Phelan v. Johnson,* 46 N. W. 68.

*John G. Barnes,* for respondents:

The mere fact that the names of Cahn and Stoelting are recited in the notice of appeal is not a giving or service of notice of appeal by them. It is the signing by them or their attorneys, which makes the notice effectual. *Doer v. Southwestern, etc., Life Ass'n,* 60 N. W. 225; *Larrabee v. Morrison,* 15 Minn. 196; *Eaton v. Manitowoc County,* 42 Wis. 317; *St. Peter's Gemeinde v. Koehler,* 59 Wis. 651.

By becoming sureties on the bond of claimants, Cahn and Stoelting appeared in the case, and, not having appealed, should have been served with notice of appeal. For

failure to serve them the appeal must be dismissed. *Cline v. Mitchell*, 1 Wash. 24; *Nolan v. Jones*, 108 Mo. 431; *Dawson v. Parsons*, 38 N. Y. Supp. 1000; *Estis v. Trabue*, 128 U. S. 225; *Harvey v. Head*, 68 Ga. 247.

The opinion of the court was delivered by

DUNBAR, J.—A sufficient statement of this case is to the effect that the judgment creditors of Thomas Jose, Alonzo Jose, Bernard Lynch, Elizabeth Lynch, Frederick Scheuchzer and Adella Scheuchzer, his wife, caused an execution to be issued out of the superior court of King county, and placed in the hands of the sheriff of said county, who, by virtue thereof, levied upon certain saw-logs in said county as the property of one of the judgment debtors, viz., Thomas Jose. Before the sale of the logs, appellants herein, Thomas Carstens and Ernest Carstens, proceeding in accordance with the provisions contained in sec. 491 *et seq.* of 2 Hill's Code (Bal. Code, §§ 5262-5266), filed with said sheriff an affidavit of ownership and right to possession of the said logs levied upon, giving the bond as required by statute. The sureties in said bond were Samuel Cahn and Henry G. Stoelting. On the trial of the case the court found the issues against Carstens Brothers, claimants, and entered judgment in favor of Samuel D. Gustin *et al.*, and against Thomas Carstens, Ernest Carstens and the sureties, Samuel Cahn and Henry G. Stoelting, and each of them, for the sum of $1,200, the value of the logs, the logs having been delivered to the claimants, Thomas Carstens and Ernest Carstens. Thereafter a notice of appeal was served upon the attorney for Samuel D. Gustin *et al.*, the important part of which notice was as follows:

" You and each of you are hereby notified that the plaintiffs, Thomas Carstens and Ernest Carstens, and Samuel Cahn and Henry G. Stoelting, their sureties, do hereby ap-

peal to the supreme court of the state of Washington from the judgment rendered herein in favor of the defendants and against the plaintiffs Thomas Carstens and Ernest Carstens and Samuel Cahn and Henry G. Stoelting, their sureties. And they appeal from each and every part of said judgment and from the whole thereof, which is the only judgment against them in said cause, and was rendered on the 6th day of July, 1897, in the above entitled court. (Signed.) *Humphries, Humphrey & Edsen*, Attorneys for Plaintiffs."

No other notice of appeal was given or served or filed by any person or party, and the notice given was not served upon any one other than the attorney of Samuel D. Gustin *et al.*, the respondents herein named.

The respondents move to dismiss the appeal of the appellants herein for several reasons, but the only one which we consider it necessary to discuss is the reason that the sureties against whom the judgment was rendered were not served with notice of the appeal and did not join in the appeal. It is contended by the appellants that, inasmuch as the names of the sureties Cahn and Stoelting appeared in the body of the notice, that was sufficient without their signing the same, the notice having been signed simply "*Humphries, Humphrey & Edsen*, Attorneys for Plaintiffs." But we do not think that the mere mention of a party's name upon a bond or other legal instrument in the body of the instrument has any force or effect whatever. It certainly could not bind parties who did not sign the instrument or execute it after it had been prepared.

The main contention, however, of the appellants is that the sureties were bound by the action of their principals in the case. Under our statute the sureties undoubtedly have a right to appeal, and that right cannot be taken away or limited in any manner by the action of the appellants. It is also the right of the respondents to have all parties in

interest join in one appeal so that they may not be called upon to litigate one suit in two actions or two different appeals. The statute provides that parties who appear in the action must either be made parties to the appellate proceedings or given notice of the same. That the sureties in this case appeared in the action is beyond question, although they are technically neither parties plaintiff nor defendant; but they appeared by executing the bond, and it was only by reason of such appearance that the court had jurisdiction to enter judgment against them.

The principles involved in this case were decided by this court in *Cline v. Mitchell*, 1 Wash. 24 (23 Pac. 1013), where it was decided that the sureties, being proper parties to the judgment in the district court, should be made parties to the writ of error in the supreme court, or if they did not desire to become plaintiffs in error, notice of appeal should be served upon them. It is conceded by the appellants that this case would fall within the rule laid down in the case just cited, if the statutes were alike. But it is claimed that the statute of 1893 supersedes the statute which was in existence at the time the judgment in that case was rendered; that section 5, on page 121 of the Laws of 1893 (Bal. Code, §6504), establishes the rule which is now in existence. Section 5 simply provides that

" All parties whose interests are similarly affected by any judgment or order appealed from may join in the notice of appeal whether it be given at the time when such judgment or order is rendered or made, or subsequently; and any such party who has not joined in the notice may, at any time, within ten days after the notice is given or served, serve an independent notice of like appeal, or join in the appeal already taken by filing with the clerk of the superior court a statement that he joins therein or in some part thereof, specifying in what part. Any such party who does not so join shall not derive any benefit from the appeal un-

less from the necessity of the case; nor can he independently appeal from any judgment or order already appealed from, more than ten days after service upon him of written notice of the former appeal, unless such former appeal be afterwards dismissed."

This provision of the statute has no bearing that we can see upon the point in issue. It is simply an additional provision governing parties who have been served with notice.

But the contention in this case is that no notice has been served upon the sureties to the bond. An examination of the statute satisfies us that its provisions require the service of the notice upon the sureties, where they did not join in the appeal, and that all the requirements of the statute in that regard which were in existence at the time that the case of *Cline v. Mitchell* was decided are existing provisions of the statute now.

The case of *Estis v. Trabue*, 128 U. S. 225 (9 Sup. Ct. 58), decided by the supreme court of the United States, is exactly in point. There it was decided that where the judgment below was a money judgment against the claimants and their two sureties in a bond, naming them, jointly, and where the sureties do not join in the writ of error and there is no proper summons and severance, the defect is a substantial one which the court cannot amend, and by reason of which it has no jurisdiction to try the case, and that it will of its own motion dismiss the case, without awaiting the action of a party.

The motion will prevail, and the appeal will be dismissed.

SCOTT, C. J., and ANDERS, GORDON and REAVIS, JJ., concur.