[No. 5016. Decided April 4, 1904.]

# Frank A. Noble, Administrator of the Estate of Harriet E. Whitten, Deceased, et al., Respondents, v. William Whitten et al., Appellants.[1]

Appeal — Dismissal — Pendency of Prior Appeal — Abandonment. Where two appeals are taken and a motion is made to dismiss the second appeal because of the pendency of the first, and on the oral argument counsel state that they have abandoned the first appeal and rely only on the second, the motion will be denied.

Appeal—Parties—Sureties on Bond of Distributees of Estate—No Judgment Against. Upon an appeal from an order of distribution of an estate in which the distributees were required to give bonds, the sureties on the bonds are not parties to the judgment upon whom notice of appeal must be served, since under the statute, Pierce's Code, § 2678, no judgment can be taken against them, and they are entitled to their day in court.

Appeal—Notice—Parties Named in Body of Notice—Guardian Ad Litem Signing Notice as Attorney—Sufficiency. An appeal should not be dismissed because not joined in by certain interested minors, where the body of the notice includes their names as appealing by their guardian ad litem, P., although it is signed by P. on behalf of all the parties as "their attorney" only, since he thereby purports to represent all the parties as attorney and it was not essential that he also sign as guardian ad litem for part of them.

Appeal—Parties—Failing to Object to Account—Notice Naming Unnecessary Party—Failure of Such Party to Join in Bond. An appeal from an order of final distribution of an estate should not be dismissed because one of the persons named in the notice of appeal did not join in the execution of the appeal bond, when it appears that such person did not file any objections to the account and his successors in interest filed objections and duly joined in the appeal; since he was therefore not a necessary party to the appeal.

Appeal—Bonds—Objection to Surety. An objection to an appeal bond that the surety was not qualified must be first raised in the court below.

[1]Reported in 76 Pac. 95.

Motions to dismiss an appeal from a judgment of the superior court for King county, Tallman, J., entered October 20, 1903. Denied.

*Victor E. Palmer,* for appellants.

*J. B. Gordon* and *William Hickman Moore,* for respondents.

HADLEY, J.—Two appeals have been taken in this cause and respondents have moved to dismiss them both. One ground of the motion to dismiss the last appeal is that a former one was pending when the last one was taken. At the oral argument of the motion, appellants' counsel stated that they have abandoned the first appeal, and rely upon the last one only. The motion to dismiss was not served until after the second notice of appeal was served. Under similar circumstances this court has held that the first appeal is abandoned, and that it shall not prevent the prosecution of the later one when duly taken. *Sligh v. Shelton etc. Co.,* 20 Wash. 16, 54 Pac. 763; *Griffith v. Maxwell,* 20 Wash. 403, 55 Pac. 571; *Spokane Falls v. Browne,* 3 Wash. 84, 27 Pac. 1077.

It is further urged that the motion to dismiss should be granted for the reason that no notice of appeal was served upon the surety upon each of the bonds given by the distributees, on distribution before final settlement. The order of distribution required that bonds should be given in accordance with the provisions of § 2671, Pierce's Code. Such bonds were given, with the United States Fidelity & Guaranty Company as surety upon each. It is contended that the order settling and allowing the administrator's account was, in effect, a judgment against the surety, for the reason that, in an action upon the bonds, the surety would not be heard to question the validity and final effect

of said order as to every item and thing therein adjudicated. In the recent case of *O'Connor v. Lighthizer, ante,* p. 152, 75 Pac. 643, this court discussed the question of entering judgment against sureties who are not parties to the proceeding in which the judgment is entered, but who may be in some way related to it by reason of having become sureties upon bonds given in connection with the proceeding. It was held that, in the absence of express statutory authority for entering judgment against the sureties, the power to do it does not exist, and that such judgments when entered are void. It was also held that such sureties are not parties upon whom notice of appeal is required, unless the court has actually entered judgment against them. There is no statute which makes the order of the court, in distributing an estate subject to bonds given by distributees, a judgment against the sureties upon such bonds. They are, therefore, entitled to their day in court before judgment can be taken against them. Indeed, such is the specific provision of the statute. § 2678, Pierce's Code. That section provides that, if the repayment by distributees shall be required, a citation shall first issue requiring the party bound to show cause why an order directing payment shall not be made. After a hearing, the court may make the order directing payment, designating the amount and the time within which it shall be paid. The section then concludes with the following provision:

" . . . and if the money be not paid within the time allowed, an action may be maintained by the executor or administrator on the bond."

It therefore seems to us clear that the order in the probate proceedings is not a judgment, or in effect such, but that the surety is given the specific statutory right to be heard

in a regular action to which he shall be a party before he can be finally concluded in the premises.

It is further urged that the appeal should be dismissed because, as alleged, all the parties in interest before the superior court did not join in the appeal, and were not served with notice thereof. It is contended that the record shows that Victor E. Palmer was guardian *ad litem* of Lonson and Emily Whitten, and that, as such guardian, he appeared for said minors at the time of the hearing, and on their behalf filed exceptions to the order of the court approving the administrator's account. The notice of appeal, in the body thereof, includes the names of said minors as appealing by their guardian *ad litem*, Victor E. Palmer, and as joining in the appeal. The notice is, however, signed "Victor E. Palmer, their attorney." Thus the person signing purports to represent, as attorney, all persons named in the notice. It is argued by respondents that, as the notice is not signed by the guardian *ad litem* as such, or by some one purporting to represent him, it follows that the minors were not joined in the appeal. It is not disputed that the individual who signed the notice is the same individual who is also named therein as guardian *ad litem* for the minors. The person who signed and gave the notice named himself in the capacity of guardian *ad litem* as a party to the appeal. The intention to join the minors and the guardian *ad litem* in the appeal is so manifest that we believe this court should not decline to entertain the appeal on so technical a ground. *Carstens v. Gustin*, 18 Wash. 90, 50 Pac. 933, is cited as an authority that this notice is insufficient. That notice, however, was neither signed by the sureties named in its body, nor by any one purporting to represent them. It was simply signed by the attorneys for the plaintiffs, desig-

nated as such only. In the case at bar, the signer of the notice is simply described as "their attorney;" but he knew what the notice contained, and, knowing it as an individual, he knew it as an attorney and as the guardian *ad litem* named in the notice. We therefore think it should be held that he intended to do just what the paper which he signed said was intended.

It is next urged that the appeal should be dismissed for the reason that one of the persons named in the notice of appeal did not join in the execution of the appeal bond. The record, however, discloses that the person so named in the notice of appeal did not file objections to the administrator's account, but that others, who are joined both in the appeal notice and in the bond, did file objections as the successors in interest of said person. He is therefore not a necessary party to the appeal, and the inclusion of his name in the appeal notice was of no force or effect.

It is also urged that the appeal should be dismissed for the alleged reason that no person or corporation qualified to become surety on said appeal bond has executed the same on behalf of appellants. This objection should have been made in the court below. § 6510, Bal. Code; *De Roberts v. Stiles,* 24 Wash. 611, 64 Pac. 795; *Jenkins v. Jenkins University,* 17 Wash. 160, 49 Pac. 247, 50 Pac. 785; *Cook v. Tibbals,* 12 Wash. 207, 40 Pac. 935. The statute of 1893, cited above, intended that questions as to the sufficiency and qualifications of sureties on appeal bonds should be first raised in the superior court, and to such effect are the decisions cited, as well as others which might be cited.

The motion to dismiss the appeal is denied.

FULLERTON, C. J., and ANDERS, DUNBAR, and MOUNT, JJ., concur.