[No. 11849. Department One. March 25, 1914.]

LONG BELL LUMBER COMPANY, *Appellant*, v. GEORGE
GASTON, *as Sheriff, et al., Respondents.*[1]

APPEAL—NOTICE—PERSONS TO BE SERVED—SURETY. A surety upon
a claim and delivery bond, against whom judgment was entered, ap-
pears in the action, within the meaning of Rem. & Bal. Code, § 1720;
and a notice of appeal is fatally defective where it was not served
upon the surety.

SAME—DISMISSAL—MERITS—FAILURE TO GIVE TIMELY NOTICE. Rem.
& Bal. Code, § 1734, providing for the denial of motions to dismiss
an appeal on grounds not going to the merits, except for failure to
take the appeal in time, does not authorize the denial of a motion
for failure to serve the notice of appeal upon necessary parties with-
in the time limited by law.

Appeal from a judgment of the superior court for Thurs-
ton county, Mitchell, J., entered May 13, 1913, upon findings
in favor of the defendants. Appeal dismissed.

*Alexander & Bundy,* for appellant.

*John W. Roberts* and *Troy & Sturdevant,* for respondents.

GOSE, J.—There is a motion in this case to dismiss the ap-
peal. The pertinent facts are these: An execution was is-
sued out of the superior court of Thurston county, upon a
judgment entered in favor of A. L. Whipple and others, as
plaintiffs, and against Taylor Lumber & Shingle Company,
a corporation, and others, defendants. The writ was placed
in the hands of respondent Gaston, as sheriff of Thurston
county, for service. In obedience to the writ, he levied upon
certain property which the appellant claimed to own. The
appellant thereupon made an affidavit asserting its owner-
ship to the property, in harmony with the provisions of Rem.
& Bal. Code, § 573 *et seq.* (P. C. 81 § 891), executed its bond
to the respondent with the Fidelity & Deposit Company, a
corporation, as surety, and received possession of the prop-

[1]Reported in 139 Pac. 641.

erty. Thereupon the case was tried to the court, and a joint judgment was entered against the appellant and the surety company. The appellant gave notice of appeal, but did not serve the same upon the surety, and it has not appealed. The statute, Rem. & Bal. Code, § 1720 (P. C. 81 §1191), provides that the notice of appeal shall be served "upon all parties who have appeared in the action." Section 577 (P. C. 81 § 899), provides that, if the claimant in actions of this character shall not maintain his title, judgment shall be rendered against him and his sureties for the value of the property. The judgment was entered against both the appellant and its sureties in harmony with this provision. This court, in an unbroken line of decisions, has held that sureties upon a claim and delivery bond appear in the action, within the meaning of the statute, and that a notice of appeal is fatally defective which is not served upon the surety. *Cline v. Mitchell*, 1 Wash. 24, 23 Pac. 1013; *Carstens v. Gustin*, 18 Wash. 90, 50 Pac. 933; *Winters v. Grays Harbor Boom Co.*, 19 Wash. 346, 53 Pac. 368; *State ex rel. Billings v. Port Townsend*, 27 Wash. 728, 67 Pac. 1135; *Pierce v. Commercial Inv. Co.*, 31 Wash. 655, 72 Pac. 473; *Aetna Ins. Co. v. Thompson*, 34 Wash. 610, 76 Pac. 105.

In the *Carstens* case, a judgment was entered against the principals and sureties upon a bond given in an appeal from the justice court. The sureties against whom the judgment was rendered were not served with notice of appeal and did not join in the appeal. It was held that the sureties appeared in the action although not technically parties plaintiff or defendant, and that, under the statute, it was necessary to serve notice of appeal upon the sureties, where they did not join in the appeal. For this reason, the appeal was dismissed. In dismissing an appeal in the case of *Winters v. Grays Harbor Boom Co.*, for a failure to serve notice of appeal upon a codefendant who had appeared in the action, it was said:

"We have repeatedly held that the notice of appeal is jurisdictional and cannot be dispensed with, and the court can only obtain jurisdiction when the statute on the subject of appeals is complied with."

In *State ex rel. Billings v. Port Townsend*, judgment was rendered against a principal and his surety. The surety did not join in the appeal, and no notice of appeal was served upon it. Following the rule announced in *Cline v. Mitchell* and *Carstens v. Gustin*, the appeal was dismissed, for the reason that the court had not acquired jurisdiction. The same view was taken in *Pierce v. Commercial Inv. Co.*, where the notice of appeal had not been served upon the sureties in the cost bond.

The appellant contends that the motion should be denied under the provisions of Rem. & Bal. Code, § 1734 (P. C. 81 § 1221). An examination of that section will disclose that a failure to take the appeal within the time limited by law is expressly excepted by the statute. Rem. & Bal. Code, § 1720 (P. C. 81 § 1191), provides that all parties whose interests are similarly affected by a judgment may join in the notice of appeal, and that any such party who has not joined in the notice may, at any time within ten days after the notice is given or served, serve an independent notice of like appeal or join in the appeal already taken. In *Peck v. Peck*, 76 Wash. 548, 137 Pac. 137, it was held that the terms of the statute were imperative and left no room for construction, and the appeal of certain parties was dismissed where their notice of appeal was served one month after the original appeal was taken. Moreover, *State ex rel. Billings v. Port Townsend*, was decided in 1902, and *Pierce v. Commercial Inv. Co.*, was decided in 1903. The section relied upon was enacted in 1899.

If the legislature has the power to prescribe the procedure for taking an appeal (and this is not questioned), the sections of the statute to which reference has been made leave no room for construction. We have said in the cases to which

we have referred that a compliance with their provisions is jurisdictional. The statute at least fixes a period of limitation beyond which an appeal may not be taken.

The appellant relies upon *Sipes v. Puget Sound Elec. R. Co.*, 50 Wash. 585, 97 Pac. 723. A reference to that case will disclose that the appeal was retained because the notice of appeal had been served upon all parties who had any interest in the cause. The notice was not served upon a codefendant in whose favor the judgment was entered in the lower court in harmony with the verdict of the jury. It was held that the legislature never contemplated the service of the notice of appeal on parties who could not appeal or join in an appeal, and whose rights could in no manner be affected by any action the appellate court might take.

On the 26th day of February, 1914, more than nine months after the entry of the judgment, the Fidelity & Deposit Company tendered in this court an acceptance of service of the notice of appeal, and sought to submit itself to the jurisdiction of this court, and asked leave to join in the appeal. It is obvious that, under the rule announced in *Peck v. Peck, supra,* these offers came too late. In effect, the surety company is seeking to take an appeal nine months after the entry of the judgment against it. This we cannot countenance without overruling all the previous decisions of this court and without overriding the plain mandate of the statute.

The motion to dismiss is granted.

CROW, C. J., ELLIS, MAIN, and CHADWICK, JJ., concur.