[No. 13515.   Department One.   June 20, 1916.]

ELIZABETH J. W. SHIPPEN, *Respondent*, v. ELIZABETH W. SHIPPEN, *Appellant*, JOSEPH SHIPPEN *et al.*, *Defendants.*[1]

APPEAL—NOTICE—PARTIES—SURETIES ON COST BOND. Where the surety on the cost bond of a nonresident plaintiff was not served with notice of appeal from a judgment in favor of his principal, the appeal should be dismissed, in view of Rem. & Bal. Code, § 496, providing for judgment, as of course, for costs against the surety on a cost bond whenever judgment is rendered against his principal; since the filing of the bond is an appearance in the action (FULLERTON, J., dissents).

Appeals from judgments of the superior court for Chehalis county, Sheeks, J., entered September 14, 1914, in favor of the plaintiff, in actions to set aside conveyances of property as in fraud of the rights of a creditor, tried to the court.   Appeals dismissed.

*Z. B. Rawson*, for appellant.

*Halverstadt & Clarke*, for respondent.

CHADWICK, J.—Plaintiff brought three several actions against the defendants in the court below.   Judgments in favor of plaintiff were rendered, and defendant Elizabeth W. Shippen has appealed.   Plaintiff is a nonresident and was compelled to furnish a bond as security for the costs of the several actions as is provided in Rem. & Bal. Code, § 495 (P. C. 81 § 1317).   The notices of appeal were addressed to plaintiff Elizabeth J. W. Shippen.   They were served

[1]Reported in 158 Pac. 247.

upon her and upon Joseph Shippen. No service was made upon the surety upon the bond for costs. Plaintiff has moved that the appeal be dismissed for failure to serve all parties having an interest in the judgment. Rem. & Bal. Code, § 1720 (P. C. 81 § 1191).

This court has heretofore held that, where a judgment had been taken against bondsmen or sureties for a party in the court below, they were parties to the judgment, and that the appeal should be dismissed unless they were served with a notice of appeal. *Cline v. Mitchell*, 1 Wash. 24, 23 Pac. 1013; *Carstens v. Gustin*, 18 Wash. 90, 50 Pac. 933; *State ex rel. Billings v. Port Townsend*, 27 Wash. 728, 67 Pac. 1135.

Or, if no judgment had been taken against bondsmen or sureties in the lower court, they were not parties to the judgment, and service upon them was unnecessary. *O'Connor v. Lighthizer*, 34 Wash. 152, 75 Pac. 643; *Noble v. Whitten*, 34 Wash. 507, 76 Pac. 95; *Wagner v. Royal*, 36 Wash. 428, 78 Pac. 1094.

In *O'Connor v. Lighthizer*, the court held that, inasmuch as the statute made no provision for the entry of a judgment against the sureties upon a cost bond as a matter of course, their liability depending upon an independent action or to "their day in court," as it is said, they were not parties appearing in the action upon whom notice of appeal is required within the meaning of Rem. & Bal. Code, § 1720; Bal. Code, § 6504, and a dismissal of the appeal was accordingly denied.

The legislature, at its session held in 1909, passed an act directing the entry of a judgment against the surety as well as the one primarily liable upon a cost bond. The act has passed into the code, § 496:

"Whenever any bond or undertaking for the payment of any costs to any party shall be filed in any action or other legal proceeding in any court in this state and judgment should be rendered for any such costs against the principal

on any. such bonds or against the party primarily liable therefor in whose behalf any such bond or undertaking has been filed, such judgment for costs shall be rendered against the principal on such bond or the party primarily liable therefor and at the same time also against his surety or sureties on any or all such bonds or undertakings filed in any such action or other legal proceeding." (L. '09, p. 633, § 1.)

By this act the legislature provided that a judgment should be entered against the sureties as a matter of course. The rule of the statute making the surety a party to the proceeding irrespective of the question of judgment seems more reasonable than the rule of the *O'Connor* case, for the surety, having no interest in the merit of the case, and being bound only to meet the condition of his undertaking, should not be heard to deny his liability when a judgment is rendered against his principal, or to insist that an independent action be waged against him.

The reason for the rule having failed or, to be more exact, having been overcome by statute, the holding is compelled that a filing of a bond is an appearance in the action by the surety as held under the claim and delivery statute which we shall presently notice. Otherwise a judgment, as of course, could not be sustained upon constitutional grounds.

It is provided by statute that the court shall enter a judgment against the surety upon a forthcoming bond when entering a judgment against the principal. Rem. & Bal. Code, § 577 (P. C. 81 § 899). We have held from the first that a surety under this claim and delivery statute had appeared in and had become a party interested in the result of the action, and as such, was entitled to notice of an appeal. *Long Bell Lumber Co. v. Gaston*, 78 Wash. 598, 139 Pac. 641, and cases cited. That case is in point. The statutes, Rem. & Bal., §§ 496 and 577 (P. C. 81 §§ 809, 899), are the same. Each of them makes the surety a party to the action, and gives him an interest in the judgment. It can make no difference in principle whether a judgment is entered against the surety in the court below or whether it is not.

So long as the judgment is subject to a review upon appeal, and if reversed, the surety would be subject to a summary judgment, he is entitled to notice.

We said:

"Sureties upon a claim and delivery bond appear in the action, within the meaning of the statute, and that a notice of appeal is fatally defective which is not served upon the surety." *Long Bell Lumber Co. v. Gaston, supra.*

For the reasons assigned, the appeal is dismissed.

MORRIS, C. J., MOUNT, and ELLIS, JJ., concur.

FULLERTON, J., dissents.