[No. 12964. *En Banc.* October 24, 1916.]

ERNEST NAPOLEON ROBERTS, *Respondent*, v. PACIFIC TELEPHONE & TELEGRAPH COMPANY, *Appellant.*[1]

APPEAL—NOTICE—PARTIES TO BE SERVED—SURETIES ON PLAINTIFF'S COST BOND—DISMISSAL. Where plaintiff, on defendant's demand, gave a bond for costs, and secured a verdict, and defendant appealed, the failure of the defendant to serve notice of appeal upon the sureties on the cost bond will not work a dismissal of the appeal, where defendant waives all rights against the sureties on the cost bond.

Motion to dismiss an appeal from a judgment of the superior court for Spokane county, Sullivan, J., entered January 20, 1915. Denied.

*Post, Russell, Carey & Higgins,* for appellant.

*Robertson & Miller,* for respondent.

ELLIS, J.—Plaintiff in this, an action for personal injuries, was required, on defendant's demand, to furnish a bond for

¹Reported in 160 Pac. 753.

costs, pursuant to Rem. 1915 Code, § 495. He secured a verdict. Judgment was entered thereon. Defendant appealed. The notice of appeal was served upon plaintiff, but not upon the surety in his costs bond. For this reason, plaintiff has moved that the appeal be dismissed, citing our recent decision in *Shippen v. Shippen*, 91 Wash. 610, 158 Pac. 247. In that case we held that, since by the act of 1909, Rem. 1915 Code, § 496, the legislature provided that, when a judgment shall be rendered against the principal for costs secured by a costs bond, a judgment for such costs shall be entered against the surety as of course, and since that act was passed in the light of the fact that this court had held from the beginning of our statehood that a similar provision as to the entry of judgment against the surety upon a forthcoming bond (Rem. 1915 Code, § 577), made such surety a party so interested in the result of the action as to entitle him to notice of an appeal, for the same reason the surety upon a costs bond is, under the act of 1909, a party so interested as to be entitled to notice of an appeal. The rule, though illogical and needlessly severe, has been steadily followed by this court since its first announcement in principle in *Cline v. Mitchell*, 1 Wash. 24, 23 Pac. 1013, and in terms in *Carstens v. Gustin*, 18 Wash. 90, 50 Pac. 933. A majority of this court being disinclined to overrule *Long Bell Lumber Co. v. Gaston*, 78 Wash. 598, 139 Pac. 641, and the many prior decisions which it follows, our decision in *Shippen v. Shippen, supra*, was inevitable. But, since the only possible interest the surety, as such, can have in the result of the action is referable to his liability upon the bond, it is manifest that, when that liability has been removed, his interest vanishes and he is no longer entitled to notice.

Acting upon this theory, the defendant, appellant here, has filed in this court a waiver in the broadest terms of any right that it might have upon any contingency to any judgment for costs against the sureties upon the costs bond filed in the superior court, and stipulating and agreeing that such

costs bond may be held for naught and forthwith cancelled. The costs bond was given solely for defendant's benefit and at its instance. There is no reason, either in law or in morals, why it should not be permitted to waive all rights under the bond by an express and explicit disclaimer. Having done so, it can no more claim any right under the bond, or against the bondsman as such, than if the bond had never been given. The bondsman, therefore, no longer has any interest in the result of the action or in the appeal. The reason of the rule in the *Shippen* case being no longer present, that rule should no longer apply. We therefore hold that, when, in such a case, the party at whose instance a costs bond was furnished shall file at any time before the final decision in this court an express waiver of all rights under the bond, there shall be no necessity for service of notice of appeal upon the bondsman in order to perfect the appeal.

The motion to dismiss is denied.

MORRIS, C. J., PARKER, MOUNT, HOLCOMB, MAIN, and CHADWICK, JJ., concur.

FULLERTON, J., concurs in the result.