[No. 13434. *En Banc.* October 24, 1916.]

# W. J. LANGLEY et al., *Appellants*, v. A. J. DEVLIN et al., *Respondents.*[1]

APPEAL—NOTICE—PARTIES TO BE SERVED—SURETIES ON PLAINTIFF'S COST BOND. In an action brought by a nonresident plaintiff furnishing a bond for costs, in which judgment went for defendant but was not entered against the sureties on the cost bond, the sureties are not parties "similarly affected by the judgment or order appealed from" within Rem. 1915 Code, § 1720, and hence need not be served with notice of plaintiff's appeal.

Motion to dismiss an appeal from a judgment of the superior court for Spokane county, Huneke, J., entered March 9, 1916. Denied.

*Cannon & Ferris*, for appellants.

*Robertson & Miller, John P. Gray*, and *Post, Russell, Carey & Higgins*, for respondents.

ELLIS, J.—This action was brought by nonresident plaintiffs seeking, among other things, to enjoin the sale of certain stocks. They were compelled to furnish a bond for costs, upon demand of the defendants, as required by Rem. 1915 Code, § 495. The trial court entered a decree vacating the injunction. No judgment was entered against the surety upon the costs bond. Plaintiffs appealed. The notice of appeal was served upon the defendants, but not upon the surety in the plaintiffs' costs bond. Defendants, respondents here, seeking to invoke the rule announced in *Shippen v. Shippen*, 91 Wash. 610, 158 Pac. 247, have moved that the appeal be dismissed. That decision, however, is not controlling upon the record here. It is obvious that the interest of the appellants and that of the surety on their costs bond, so far as the latter ever had any interest as a contractual party to the action, are precisely the same. The requirement of service of notice

[1]Reported in 160 Pac. 646.

of appeal on any party having interest identical with appellant is only to enable all parties "similarly affected by the judgment or order appealed from" and who might have joined in the original notice of appeal, to join in the appeal by an independent notice within ten days after service on them of the original notice, thus avoiding successive appeals in the same action. Rem. 1915 Code, § 1720; *Peck v. Peck*, 76 Wash. 548, 137 Pac. 137. But the plaintiffs, appellants here, and the surety are not similarly affected by the judgment or order appealed from. No judgment was entered against the surety. It is in no manner affected by the judgment as rendered and, in the nature of the case, cannot be injuriously affected either by an affirmance or reversal of that judgment in this court. If the judgment be affirmed on the merits, respondents can only secure a judgment against the surety on the nonresidents' bond for costs by an independent action on that bond, if, indeed, all right to such a judgment has not been lost by the failure to take judgment on the bond at the time prescribed by the statute, namely, "at the same time" when the judgment was entered against the party "primarily liable." Rem. 1915 Code, § 496. As to whether that right is lost, we express no opinion. The question is not before us, and would not be before us even had appellants served their notice of appeal upon the surety.

If, on the other hand, the judgment be reversed, the surety will be conclusively relieved of all liability upon the costs bond. Herein lies the plain distinction between this case and the case of *Shippen v. Shippen, supra.* There the party in whose favor the costs bond ran, having suffered defeat in the trial court, could only entitle herself to a judgment for costs in the trial court, either as against the plaintiff or the surety on plaintiffs' costs bond, by a reversal of the judgment. The surety was, therefore, directly interested in having the judgment sustained on the appeal. On the record here, the surety has no such interest in the appeal, and not being a party to the judgment, even conceding that it was a party to the ac-

tion, it had no right to join in the appeal; hence it was not entitled to notice of the appeal. *Sipes v. Puget Sound Electric R. Co.,* 50 Wash. 585, 97 Pac. 723. See, especially, concurring opinion of Judge Rudkin, p. 595, and other cases there cited. See, also, *Wilson v. Puget Sound Elec. R. Co.,* 50 Wash. 596, 97 Pac. 727, and *Iverson v. Bradrick,* 54 Wash. 633, 104 Pac. 130.

A service of notice of appeal upon the surety here would have been an idle formality. It could not have joined in the appeal because it was not a party to the judgment; hence the evil of successive appeals, which the statute, Rem. 1915 Code, § 1720, was enacted to avoid, was not imminent. Respondents would have gained no right by such a service, and have lost no right by its absence.

Some suggestion was made in argument that certain other parties in interest were not served with notice of the appeal. The motion before us, however, is addressed solely to the failure to serve the surety upon the costs bond.

The motion is denied.

MORRIS, C. J., MOUNT, HOLCOMB, MAIN, PARKER, CHADWICK, and FULLERTON, JJ., concur.