[No. 17029.   Department One.   October 13, 1922.]

STONE-EASTER, INCORPORATED, *et al., Respondents,* v.
THE CITY OF SEATTLE, *Appellant.*[1]

APPEAL AND ERROR (167, 218) — PARTIES—NOTICE—SERVICE — UPON
WHOM TO BE MADE—SURETIES ON BOND.  Sureties upon a cost bond,
given pursuant to Rem. Comp. Stat., § 9374, by property owners on
appealing to the superior court from an assessment for city local
improvements, are necessary parties to an appeal by the city to the
supreme court without whose presence the appeal must be dis-
missed; in view of Rem. Comp. Stat., § 496, providing for judgment,
as of course, for costs against the surety on a cost bond, wherever
judgment is rendered against the principal, which is the only
remedy against the sureties (Overruled on Rehearing).

ON REHEARING.

APPEAL (33, 167, 218)—DECISIONS REVIEWABLE—AMOUNT IN CON-
TROVERSY—PARTIES—SURETIES ON COST BOND FOR $200.  The supreme
court not having appellate jurisdiction where the original amount
in controversy does not exceed two hundred dollars, sureties on a
cost bond in the superior court for two hundred dollars, given pur-
suant to Rem. Comp. Stat., § 9374, not being entitled to appeal to
the supreme court in case of judgment against them, are not neces-
sary parties to an appeal by the adverse party from a judgment in
favor of the principal on the cost bond  (MAIN, C. J., and FULLERTON,
J., dissent).

Appeal from a judgment of the superior court for
King county, Tallman, J., entered October 17, 1921, in
favor of the plaintiffs, setting aside an assessment
roll, tried to the court.  Affirmed.

*Walter F. Meier, Edwin C. Ewing,* and *Charles T.
Donworth,* for appellant.

*Carkeek, McDonald, Harris & Coryell,* for respond-
ents.

PER CURIAM.—The city of Seattle caused an improve-
ment to be made on one of its streets at the expense of

[1]Reported in 209 Pac. 687; 215 Pac. 56.

the property benefited. Certain of the property holders whose property had been assessed for benefits arising from the improvement protested to the city council against the amount of the assessment charged against their properties. The city council denied the protests, and confirmed the assessment roll as returned by the commissioner making the assessment. The property holders appealed to the superior court of King county from the order confirming the assessment, giving a bond with sureties conditioned in accordance with the terms of the statute requiring such bond. At the hearing in the superior court, they obtained a judgment materially lessening the amount of the assessment. From this latter judgment the city gave notice of appeal to this court, but did not serve the notice of appeal upon the sureties on the bond given on the appeal to the superior court.

The respondents move to dismiss the appeal for want of proper service, basing their motion on the authority of *Shippen v. Shippen*, 91 Wash. 610, 158 Pac. 247. In that case we held that the failure to serve the notice of appeal on the sureties on a bond given by a non-resident plaintiff was a failure to properly perfect the appeal and required its dismissal.

The ruling was based on § 496 of Rem. Comp. Stat., and the principle announced is applicable to the present case, if it is not distinguishable for the reason suggested by the city. The suggested distinction is this (we quote from the appellant's brief):

"The bond required by the above quoted portion of Rem. Code[1] [the section requiring a surety bond on an appeal by property owners from the order of the city council confirming the assessment roll to give security for costs] is not merely one insuring the payment of taxable costs but protects the City against all costs to

NOTE: See Rem. Comp. Stat., § 7892-22.

which it is put by reason of the appeal being taken from the assessment roll as approved by the city council. The obligation of the surety on such a bond includes the payment of the fees of real estate experts and every expense which the City necessarily incurs in the defense of such an appeal. This being so, a separate action would have to be instituted upon the bond in order to determine the proper amount for which the surety was liable."

But we cannot concur in this reasoning. The sureties on the bond mentioned are liable only for such costs and disbursements as are properly taxable in the proceeding, and these can be ascertained by the method pointed out by the code. This method permits no independent or separate action to recover them.

"There is no common law principle that permits a successful litigant to recover from his losing adversary the costs and expenses of the litigation; hence, if such right exists, it must be statutory. The legislature of this state has given to the successful litigant the right to have certain items of expense taxed as costs; but these must be taxed in the original action and not recovered by subsequent suit." *Perlus v. Silver,* 71 Wash. 338, 128 Pac. 661.

See, also, *Eggerth v. Spokane,* 91 Wash. 221, 157 Pac. 859.

The appeal is dismissed.

### ON REHEARING.

#### [*En Banc.* May 10, 1923.]

PARKER, J.—In pursuance of the granting of a petition for rehearing, this cause is before the court *En Banc* upon an appeal taken by the city of Seattle from a judgment of the superior court for King county, reducing certain local improvement assessments levied against properties of Stone & Easter and James R. Wood, by the authorities of the city to aid in paying the expense of improving Tenth Avenue Northeast.

The cause was disposed of by Department One of this court on October 13, 1922, by dismissing the city's appeal to this court from the judgment of the superior court, for want of service of the city's notice of appeal upon the sureties of the cost bond which was given, as the law requires, by Stone & Easter and Wood, upon the taking of their appeal from the action of the city council in levying and confirming the assessments against their properties.

Upon the overruling by the city council of the objections of Stone & Easter and Wood to the assessments proposed by the assessment roll to be levied against their properties, and the confirmation by the city council of the assessments so proposed to be levied, they appealed from that action of the city council to the superior court for King county, as provided by § 9374, Rem. Comp. Stat. [P. C. § 1010.] In perfecting that appeal, they timely executed with proper sureties thereon, and filed in the cause in the superior court a cost bond "*in the penal sum of two hundred dollars*," in compliance with § 9374, Rem. Comp. Stat. [P. C. § 1010.] The cause proceeded to a hearing upon the merits in the superior court and resulted in a judgment rendered by that court materially reducing each of the assessments levied and confirmed by the city authorities against the properties of Stone & Easter and Wood, to which they had objected.

The city, deeming itself aggrieved by this disposition of the cause in the superior court, appealed therefrom to this court; and in doing so, addressed to and served its notice of appeal only upon Stone & Easter and Wood, the successful parties in the superior court upon their appeal thereto from the action of the city authorities; the sureties upon the cost bond of Stone & Easter and Wood, filed in the superior court, not being given

any notice of the city's appeal from the superior court to this court. The Department's decision of this court disposing of the city's appeal by dismissal, was rested upon the authority of the previous Department decision of this court rendered in *Shippen v. Shippen*, 91 Wash. 610, 158 Pac. 247, and § 496, Rem. Comp. Stat. [P. C. § 8093C], providing for the rendering of judgments against sureties upon cost bonds in the same action wherein such bonds are filed, at the same time judgment is rendered therein against principals upon such bonds.

Our problem is, in substance, this: Is it necessary to the removal of a cause upon appeal from a superior court to this court that appellant shall serve notice of his appeal, not only upon the principal parties to the cause and to the judgment, but also upon the sureties on a cost bond which may have been filed in the superior court to secure the payment of costs of that court which may be incurred in the cause in an amount which does not exceed two hundred dollars?

For present purposes, we ignore all distinctions between a case wherein a judgment has been rendered against a surety on such a cost bond, and a case wherein no judgment has been rendered against a surety on a cost bond. We, also, confine our inquiries strictly to the question of necessity of serving notice of appeal upon sureties on cost bonds securing the payment of costs to be incurred in a cause in a superior court in an amount not exceeding two hundred dollars; since we have arrived at the conclusion that sureties upon such a bond have no appealable interest such as entitles them to be heard in this court; because, as to them, there necessarily is not, and cannot be, involved in the action anything more than the possibility of the affirming of a personal money judgment which has

been rendered against them, or the rendering of such a judgment following the appeal.

Now it seems plain to us that the entertaining of any such question by this court must, of necessity, be the exercise of appellate jurisdiction by this court; that is, the consideration by this court of the question of whether or not a superior court has rightly or wrongly rendered or refused to render a personal money judgment against a surety which, by the very nature of his obligation, could in no event be other than a personal money judgment not exceeding two hundred dollars. That this court has no appellate jurisdiction to review any such judgment, we think is rendered plain by the provisions of § 4, art. 4, of our constitution, reading, so far as applicable to our present inquiry, as follows:

"The supreme court shall have . . . appellate jurisdiction in all actions and proceedings, excepting that its appellate jurisdiction shall not extend to civil actions at law for the recovery of money or personal property when the original amount in controversy or the value of the property does not exceed the sum of two hundred dollars, unless the action involves the legality of a tax, impost, assessment, toll, municipal fine, or the validity of a statute."

If it be suggested that the cause now before us involves the legality of tax or assessment within the meaning of the above quoted language of the constitution defining and limiting this court's appellate jurisdiction, our answer is that, while there is involved the legality of a tax or assessment as between Stone & Easter and Wood on one side, and the city on the other, and that, as to either of them, the cause is appealable to this court regardless of the amount involved, the legality of the tax or assessment is only incidental to the question of the sureties' liability upon the cost

bond, which is a personal money liability and none other whatsoever; in other words, a liability to have a personal money judgment rendered against them without the slightest possibility of having any other kind of a judgment rendered against them. We see no escape from the conclusion that, as to the sureties, they have no appealable right whatever, since this court has no appellate jurisdiction enabling the sureties to be heard therein, because the amount involved as to them is not within the appellate jurisdiction of this court. As we view it, they are in no different position than as if they were sued by a plaintiff seeking only a personal money judgment against them in a pure law action to recover not exceeding two hundred dollars, and were seeking to review in this court a judgment of a superior court awarding recovery upon such a claim.

It must be conceded that the decisions heretofore rendered by this court in the following cost bond cases, if to be followed, without thought of the constitutional limitation upon the appellate jurisdiction of this court, are all but conclusive in support of the decision rendered by the Department of this court on October 13, 1922. *Cline v. Mitchell,* 1 Wash. 24, 23 Pac. 1013, involving the claimed rights of sureties upon a justice court cost bond for the sum of $100, as prescribed by § 1859, Code of 1881, then in force; and *Pierce v. Commercial Investment Co.,* 31 Wash. 655, 72 Pac.. 473; *O'Connor v. Lighthizer,* 34 Wash. 152, 75 Pac. 643; *Aetna Ins. Co. v. Thompson,* 34 Wash. 610, 76 Pac. 105; *Brockway v. Abbott,* 34 Wash. 700, 74 Pac. 1069; *Trumbull v. Jefferson County,* 37 Wash. 604, 79 Pac. 1105; and *Shippen v. Shippen,* 91 Wash. 610, 158 Pac. 247, involving superior court cost bonds securing costs "not exceeding the sum of two hundred dollars," as provid-

ed by § 495, Rem. Comp. Stat. [P. C. § 7476], in force during the time of the rendering of all of those decisions.

In not one of those decisions, other than in *Trumbull v. Jefferson County, supra,* was any consideration whatever given to the question of the appellate jurisdiction of this court to entertain a review of a judgment rendered in favor of or against the sureties upon such a cost bond. In all but that one case, the court seems to have followed the rule requiring service of notice of appeal upon sureties upon bonds given to indemnify parties to actions in sums greater than two hundred dollars, such as replevin bonds; apparently giving thought only to the question of the sureties becoming parties to the action for the purpose of rendering a personal money judgment against them in the court and action wherein the two hundred dollar cost bond is filed, at the same time ignoring the constitutional limitation upon this court's appellate jurisdiction.

In *Trumbull v. Jefferson County,* some observations are made by the court indicating the view that sureties upon a two hundred dollar cost bond given by a non-resident party in a suit foreclosing a tax certificate of delinquency has the right of appeal because of the nature of the action as between the principal parties, ignoring the nature of the obligation resting upon the surety which manifestly was only a personal money obligation of such a nature that it was impossible for any kind of judgment to be rendered against him other than a personal money judgment. But even the decision in that case has, we think, been in effect overruled, and rightly so, by our recent decisions, as we think, also, has the decision in *Shippen v. Shippen* upon which the Department decision is rested.

In the comparatively recent case of *In re Ennis' Estate,* 96 Wash. 352, 165 Pac. 119, there was involved the question of the allowance of a number of claims of creditors in the probating of an estate, some of which claims were for more than two hundred dollars, and some of which were for less than two hundred dollars; some of which were allowed and some disallowed by the court; all apparently by common consent being heard together, and each apparently having some interest in common with all others; the claims being regarded by this court in any event as if such were the case, and all claimants being regarded as parties to one cause. It was there squarely held that, upon appeal by certain of the claimants of the larger amounts, they were not required to serve any notice of appeal upon any of the claimants for the smaller amounts because such claimants for amounts less than two hundred dollars did not have any right of appeal to this court. In so disposing of that question, we said:

"The motion [to dismiss] is resisted by the appellants on the ground that their coparties below had no appealable interest because their respective claims were each below the amount of $200, and hence unappealable under Const., art. 4, § 4, which denies appellate jurisdiction to the supreme court in civil actions for the recovery of money or personal property when the original amount in controversy does not exceed $200. Rem. Code, § 1719, prescribes the service of written notice of appeal on the prevailing party. Id., § 1720, provides that all parties similarly affected by the judgment may join in the notice of appeal. Parties not joining have the right to serve an independent notice of appeal within ten days after the giving or service upon them of the original notice, or may join in the appeal already taken, and any 'party who does not so join shall not derive any benefit from the appeal unless from the necessity of the case.' Under our holdings as to the necessity of service of notice of appeal

upon all parties appearing in the action, the appeal herein is subject to dismissal, unless service of notice upon the omitted parties is unnecessary by reason of the fact that they had no right of appeal.   It is plain that, under our constitution, none of the claimants for sums under $200 could prosecute an independent appeal, and hence they would have no right of appeal. Nor would they have such an appealable interest as would justify their joinder in the appeal by others with whom they were similarly affected.   We have held on numerous occasions that service of notice is required on those only who, in addition to appearing in the action, had some right of appeal.''

It seems to us to follow, as a matter of course, that, had a claimant for a sum not exceeding two hundred dollars been successful in the superior court, the administratrix could not have appealed from the allowance of such claim, for the same reason.   In the still later case of *Norbom Engineering Co. v. Cox & Co.,* 120 Wash. 675, 208 Pac. 87, we have a cost bond decision in which the principle of law announced in *In re Ennis' Estate* above quoted from, was adhered to, and wherein it is held that sureties upon a superior court cost bond obligating them in a sum not to exceed two hundred dollars are not necessary parties to an appeal by a principal party to the action, because the largest amount of their possible obligation as surety upon the bond was not to exceed two hundred dollars, and hence not within the appellate jurisdiction of this court. That decision, while not in terms overruling the prior decisions of this court in the cost bond cases above cited, manifestly had the effect of doing so.

It seems clear to us that, had these considerations been properly called to the court's attention and seriously considered in *Shippen v. Shippen, supra,* and the previous cost bond cases, our holdings would have long since been as in the *Norbom Engineering Co.* case,

*supra.* If the cost bond decisions rendered prior to the *Norbom Engineering Co.* case had the result of firmly establishing a rule of property, we would indeed be loath to disturb the conclusion they announced; but we do not think they have such an effect; and deeming them so clearly wrong, and having been announced with but slight and almost no consideration of the constitutional limitation upon this court's appellate jurisdiction, we have no hesitancy in expressly overruling them, and now holding that it is not necessary to the perfection of an appeal from the superior court to this court, that sureties upon a two hundred dollar cost bond filed in the superior court to secure costs to be incurred in that court, be served with notice of appeal taken by any of the principal parties to the action. We, therefore, so hold and reverse the decision of the Department rendered on October 13, 1922, dismissing the city's appeal, and overrule the motion made in that behalf by counsel for the respondents.

Upon the merits, the trial court found that the assessments levied and confirmed by the city authorities against the properties of the objectors Stone & Easter and Wood were "more than their respective properties are specially benefited by the said improvement." This is, in substance, the whole ground upon which the trial court's decision and judgment materially reducing the assessments were rested. As to whether or not the trial court was justified by the evidence in so finding and concluding is, to our minds, the only question calling for serious consideration here, in so far as the merits of the cause are concerned. We have painstakingly read all of the evidence introduced upon the hearing in the superior court, and deem it sufficient to say that we are not at all convinced that the evidence preponderates against the court's findings and

conclusions touching the question of benefits and the amounts the assessments should be reduced below the amounts levied and confirmed by the city authorities. We think it would not be profitable to extend this opinion by detailed review of the evidence looking to the demonstration of the correctness of the court's judgment.

We have not lost sight of the presumption as to the correctness of the levy of the assessments and the confirmation thereof by the city authorities when a case of this nature is brought into the superior court for review; but we must also heed the presumption that here lends support to findings and conclusions of the superior court upon the questions of fact which this problem, in its last analysis presents. *Spokane v. Gilbert,* 61 Wash. 361, 112 Pac. 380; *In re Leary Avenue,* 77 Wash. 399, 138 Pac. 8; *Horton Investment Co. v. Seattle,* 94 Wash. 556, 162 Pac. 989, L. R. A. 1918E 194; *In re Empire Way,* 100 Wash. 636, 171 Pac. 1010; *Hotel Co. of Tacoma v. Tacoma,* 122 Wash. ——, 210 Pac. 676.

The judgment is affirmed.

HOLCOMB, TOLMAN, MACKINTOSH, MITCHELL, and PEMBERTON, JJ., concur.

BRIDGES, J., concurs in the result.

FULLERTON, J. (dissenting)—I am unable to concur in the foregoing opinion. I am afraid the holding on the motion to dismiss is going to lead to some embarrassing results. This court has heretofore held that it is necessary to serve the surety of a party with notice of appeal because the surety, by becoming such, becomes an independent party litigant to the action. *Shippen v. Shippen,* 91 Wash. 610, 158 Pac. 247, and the cases there cited. Indeed, it would seem that there

could be no other logical ground upon which the holding can rest. If he does not become a party litigant to the action by becoming a surety, there is no necessity of service upon him; or, if he becomes such a party and is represented by his principal, then service upon the principal is service upon him. While the court in the present decision overrules all of our long line of cases holding it necessary to serve a surety where the judgment against him does not exceed two hundred dollars, or where, by the terms of his obligation, a judgment cannot be taken against him for an amount in excess of two hundred dollars, it does so, not on the principle that the surety is not a party litigant in the action or that he is represented by his principal, but on the ground that, under the constitutional limitation, no appeal will lie from a judgment where the amount of the judgment or the amount in controversy does not exceed two hundred dollars. In other words, it is held that a judgment against a surety is final where the amount of the recovery against him does not exceed two hundred dollars.

We, therefore, have this situation. If A sues B in some form of proceeding where he is obligated to give security for costs in an amount which does not exceed two hundred dollars and fails in his action, judgment of dismissal and for costs will be entered against him, and a judgment for costs will be entered against his surety. A can appeal because of the judgment against him on the merits of the action. The surety cannot appeal because the judgment is final as to him. If A succeeds on his appeal, the cause will be reversed on the merits, which reversal will carry with it a reversal of the judgment for costs entered against him. But under the present decision, namely, that the judgment against the surety is final, it will not carry a re-

versal as against the surety. Other results must also follow. If A does not represent the surety on the appeal, and the surety cannot appeal in his own right, A cannot supersede the judgment against the surety, and execution may be issued against the surety for the costs while the appeal of the principal is pending. Again, the surety's liability, as between himself and his principal, is, of course, only secondary, and he can recover over. against the principal for costs he is compelled to pay; costs which, under the final judgment of the court, the principal is not, as against the party recovering them, obligated to pay.

It may be that the court will find some way to escape these results when the questions are presented to it, but I can now conceive of no possible way unless it is to be held that a final judgment is not always final, or that a party who cannot himself appeal from a final judgment against him, can vicariously benefit from an appeal by another. It is true, the statute provides that any party who does not join in the appeal of another shall not derive any benefit from the appeal of the other "unless from the necessities of the case." But this statute does not have application to judgments of the sort here in review. Where two parties are held jointly bound by a single money judgment, and one of them appeals and relieves himself therefrom, the other is not relieved; and, especially is this so where the judgment is not appealable as to the other. There must be something wrong with a rule which leads to such anomalous results as these. In my opinion, the error lies in holding that a surety for costs becomes a party to the action. For this conclusion, I was never able to discover any foundation either in the statutes or in reason, and I, long ago, registered my dissent to the rule. Had the court, therefore, rested its decision

on this ground, it would have received my hearty approval, but I cannot assent to a doctrine which seems to me to further involve an already too much involved situation.

The merits of the controversy I shall not argue, although an examination of the record has convinced me there is much room for a different conclusion than the conclusion reached by the majority.

MAIN, C. J., concurs with FULLERTON, J.